NEW-YORK,
October, 1811.

BROOKS *against* BEMISS.

BROOKS
v.
BEMISS.

THIS was an action for a *libel.* The declaration contained three counts. In the first count, the libellous words charged, were : " But this is not the first time that the idea of falsehood and *Micah Brooks* (the plaintiff) have been associated together, in the minds of many honest men," (meaning, that the plaintiff had been guilty of falsehood, and that in the minds of many honest men he was considered as addicted to falsehood, and of an infamous character.) The words in the second count were : " In open court under the solemnities of an oath, this paltry but ambitious politician (meaning the plaintiff) testified to the existence of a fact, which a jury of his own county, of whom eleven were democrats too, declared by their verdict, that they did not believe. The sanction of this man's name is, therefore, cheap," (meaning, that the plaintiff has been guilty of perjury, in testifying to a fact which a jury of his country did not believe.)

The third count was abandoned at the trial. The defendant pleaded the general issue, with notice of special matter in justification, as follows : " That at a court of general sessions, &c. held at, &c. of the term of *June,* in the year of our lord one thousand eight hundred *and ten,* a certain indictment, pending in the said court, against *William Adams,* for an assault and battery charged to have been committed on the plaintiff, was tried by a jury of the said county, and that, on the trial, the plaintiff was produced and sworn as a witness, on the

In an action for a libel, the defendant pleaded the general issue, with notice of special matter in justification, stating that he would give in evidence, at the trial, a record of a trial of an indictment, before the general sessions, &c. of the term of June, 1810. The record produced was of a trial in the term of June, 1809; it was held, that the variance was not material, and that the record was admissible in evidence.

It would be admissible, even in a case of special pleading, and more so in case of a *notice* subjoined to the general issue, which is regarded with less strictness than a special plea.

Where the libellous words charged in the declaration were : " But this is not the first time that the idea of falsehood and M. B. (meaning the plaintiff) have (meaning, &c.)

been associated together, in the minds of many honest men," (meaning, &c.) It was held that evidence, that "Sundry honest men, to wit, A. B. (naming seven persons) and others, believed and considered the plaintiff not to be a man of truth, but addicted to falsehood," was not admissible, in justification; and that the defendant could only justify the charge, by proving the fact.

part of the people, and testified, among other things, in substance, that the said *William Adams* had before, &c. to wit, on the 26th *April* last, to wit, at. &c. committed an assault and battery on him, the plaintiff, &c. and had designedly and angrily struck him, the plaintiff, without any provocation, &c. And that after the jury had heard the evidence, &c. they gave a verdict that the said *W. Adams* was not guilty, &c. And that *A. B. C. D. et al.* (naming eleven of the jurors) were democrats, and that the testimony of the plaintiff was believed to be false, by sundry honest men, then present, to wit, *G. H.* (naming seven persons) and others; and that both before and since the publishing the supposed libel, divers honest men, to wit, *N. P.* and others (naming them) believed and considered the plaintiff not to be a man of truth, but addicted to falsehood."

Issue was joined, in *May,* 1810, and the cause was tried, at the *Ontario* circuit, in *June* last, before Mr. Justice *Yates.*

The publication of the libel was proved. And the defendant offered in evidence the record of a trial, in the court of general sessions, held, &c. of the term of *June,* one thousand eight hundred *and nine,* of an indictment against *William Adams,* for an assault and battery committed on the plaintiff, on which the jury found a verdict of not guilty, &c. The defendant also offered to prove, that the plaintiff was sworn as a witness. at that trial, and testified, as set forth in the notice to the plea of the defendant. This evidence was objected to, and rejected by the judge, on the ground of the variance between the term of the court stated in the notice, and in the record produced. The defendant then offered to prove the facts stated in his notice, independently of the record, but the evidence was rejected. The judge charged the jury, that the matter set forth in the plaintiff's declaration was libellous, and amounted to a charge of perjury, and that they ought to find a verdict for the plaintiff. The jury

found a verdict accordingly, for one hundred dollars, da-
mages.

There was a motion for a new trial, and also in arrest
of judgment.

*E. Williams*, for the defendant.

*Rodman*, contra.

*Per Curiam.* The principal point, upon the motion for
a new trial, is, as to the admissibility of the evidence,
which was offered on the part of the defendant, and re-
jected by the judge.

The defendant offered in evidence the record of a
trial at the *Ontario* sessions, of the term of *June*, 1809,
and it was rejected, on the ground that the notice annex-
ed to the plea, set forth that the record of a trial, of the
term of *June*, 1810, would be given in evidence. The
year in the notice was an evident clerical mistake, as the
time specified in the notice was even subsequent to the
joining of issue in the cause, and subsequent to the giving
of the notice itself. The question is, whether the day
in the notice was material to be proved exactly as stated.
The notice did not affect to set forth the record according
to its tenor, or with a *prout patet*, &c. and the allegation
of the time was not matter of substance, but of description
merely. The notice only intended to inform the plain-
tiff, that the defendant would rely upon an acquittal of
one *William Adams*, upon an indictment at the *Ontario*
sessions, for an assault and battery upon the plaintiff, not-
withstanding the plaintiff's oath. This was the substance
of the notice, and the time was not material, so that it ap-
peared to be before the publication of the libel. It was
no further an essential part of the notice; and the record
ought, accordingly, to have been received, notwithstand-
ing the variance as to the time. This was the doctrine
in *Purcell* v. *Macnamara*, (9 *East*, 157.) even in a case

of special pleading. This just and liberal rule applies, with still greater force, to the case of a notice, which has never been regarded with the same criticism and nicety as a special plea.

The matter offered in evidence, in justification of the first count, was properly rejected. The charge imported that the plaintiff was a liar. That was its meaning and substance; and that charge cannot be justified, by giving the opinion of one or more individuals. Such a species of defence might lead to the grossest abuse and calumny, even of a party of good general character, and of unimpeachable conduct. The defendant can only justify the charge by proving the fact.

But on account of the rejection of the evidence of the record, the verdict must be set aside, and a new trial awarded, with costs, to abide the event of the suit.

*New trial granted.*