IN ERROR.
• • • • • •
ALBANY,
Feb. 1823.

CHAMBER-
LAIN
v.
GORHAM.

JOHN CHAMBERLAIN, Plaintiff in Error,

*against*

ISAAC GORHAM, Defendant in Error.

A *notice,* accompanying a plea of the general issue, under the statute, need not be as precise and particular as a special plea. It is sufficient, if it contain such a statement of the special matter, to be given in evidence at the trial, as may prevent the plaintiff from being taken by surprise.

Thus, where the notice stated, that the defendant would give in evidence, that the notes, on which the suit was brought, were given for the consideration of the sale and conveyance of a certain piece of land, &c., and that, when the notes were given, the plaintiff executed and delivered to the defendant a covenant, that if there should be any outstanding judgments, which operated as a *lien* on the land conveyed, and the grantee should be obliged to pay the same, the amount paid should be deducted from the notes, &c.; and that, at the time, &c., "there were divers judgments, at the time, &c., outstanding against the plaintiff, which were a lien on the land so conveyed, and which the defendant was obliged to pay, and did pay, in order to prevent a sale of the land, and which sums amounted to 500 dollars, which the defendant set off, &c.: *Held,* that this notice was sufficient to let in the proof of the payment of judgments, without specifying the particulars of such judgments.

IN ERROR to the Supreme Court. (*Vide* S. C. *ante,* p. 144.)

 J. *Maynard,* for the plaintiff in error.  He cited 1 *Chitty's Pl.* 472.  15 *Johns. Rep.* 230.  2 *Co. Inst.* 427.  1 *N. R. L.* 336.

*Talcot,* (Attorney General,) contra.  He cited 13 *Johns. Rep.* 320.  1 *Salk.* 288.  10 *Johns. Rep.* 322.  4 *Taunt.* 114.  11 *Johns. Rep.* 547.  19 *Johns. Rep.* 49.

The CHANCELLOR.  This case came before the Supreme Court, on the return to a writ of error, to the Court of Common Pleas of *Seneca* county.

*Gorham,* as plaintiff in that Court, declared on a note of hand, made by *Chamberlain* to him, for 100 dollars, dated *November* 9, 1815, and payable four years after date, and not negotiable, and which note was stated to have been lost. The loss of the note was proved at the trial; and it was further proved, that the note, with some others, was given to secure a part of the consideration money for a sale and conveyance of lands, from *Gorham* to *Chamberlain.*  The note was assigned, soon after it was made, to one *Anthony Snyder,* who gave notice of the assignment to the maker, and it was shortly afterwards again assigned to *Jacob Fogle-*

IN ERROR.

ALBANY,
Feb. 1823.

CHAMBER-
LAIN
v.
GORHAM.

*man,* who is now the person beneficially interested as owner of the note.

The defendant, *Chamberlain,* offered to give in evidence, upon the trial, as a set-off against the note, that there were divers judgments, at the time of giving of the note, outstanding against *Gorham,* the payee, which were a lien upon the land so conveyed from *Gorham* to *Chamberlain,* and which *Chamberlain* was obliged to pay, and did pay, to prevent a sale of the lands under the judgments. The defendant, *Chamberlain,* offered to give in evidence those judgments, and the records thereof, and the executions thereon, and the payment thereof, under a notice accompanying the general issue, to that effect; and which notice further stated, that at the time of the conveyance, and of the giving of the notes, an agreement, under seal, was given by *Gorham,* the payee, to *Chamberlain,* the maker of the note, in which he covenanted, that " if there should be any judgments outstanding against him, that should operate as a lien upon the land that day conveyed, so that the maker of the note should be obliged to pay them, in order to prevent a sale of the premises, that the sum or sums so paid, should be deducted from the amount of the notes that day given to secure the payment of the purchase money." This evidence was rejected by the Court of Common Pleas, and a bill of exceptions was tendered and allowed; the defence being thus shut out, a verdict was taken for the plaintiff, *Gorham,* for the amount of the note, under the direction of the Court, and judgment was rendered accordingly. This judgment was affirmed by the Supreme Court, who admit, that " the defence set up, *if proved,* would be valid, notwithstanding the assignment of the note, and notice of such assignment; for the note, not being negotiable, the assignee took it subject to all the equity existing at the time of the assignment; and here the equity or ground of defence was coeval with the date of the note." But that Court, as well as the Court of Common Pleas, held, that the notice, accompanying the plea, was too defective to admit the evidence of this equitable defence.

There was an objection made upon the argument, in this Court, to the bill of exceptions, as not having been pro-

IN ERROR.
•••••••

ALBANY,
Feb. 1823.

CHAMBER-
LAIN
v.
GORHAM.

perly tendered and allowed. But as no such objection was made in the Supreme Court, and as the cause was discussed and decided there entirely upon the question touching the admissibility of the evidence under the notice, or under the general issue without the notice, I apprehend, that the defendant in error comes too late with that objection. He must be deemed to have waived that objection, by the transactions in the Court below.(a) The case ought to be determined here, upon the point raised in the Supreme Court, and which was, whether the matter offered by way of defence against the note, was, or was not, under the circumstances, admissible in proof.

When *Snyder*, the first assignee of the note, gave notice to *Chamberlain*, the maker of the note, of the assignment, *Chamberlain* told him, that he did not then know that there were any judgments against *Gorham*, the payee, which were a lien upon the lands for which the notes were given, and the assignee admitted, that if there were any judgments which were a lien upon the land, *Chamberlain* ought to apply the amount of such judgments on the notes. *Chamberlain* offered further to prove, that he told the assignee, at the same time, that if there were any such judgments, he had a covenant from *Gorham*, by which he was authorized to pay them, and apply the money, so paid, in payment of the notes. It does not appear, that *Fogleman*, the second assignee of the note, ever gave any notice to the maker of such second assignment. This is, then, a case in which the assignee has no right to complain of any want of good faith in *Chamberlain*, by any concealment of the possible or probable grounds of his defence. The assignee was duly apprized by him, that if there were any such judgments, he had a right to pay them, and discount the payment upon the note, and that he had a covenant from *Gorham* to that effect. Whether there were any such judgments, was a matter of record, equally open to the inspection of both parties. It turned out, afterwards, that there were such judgments, and the only question now is, whether the notice, annexed to the plea, was so defective, as to exclude this very just and equitable defence.

(a) *Vide Beekman* v. *Frost*, 18 *Johns. Rep.* 544—558.

IN ERROR.

ALBANY,
Feb. 1823.

CHAMBER-
LAIN
v.
GORHAM.

The statute says, that the defendant may plead the general issue, and give any special matter in evidence, which, if *pleaded, would be a bar, on giving notice, with the plea, of the matter or matters* so intended to be given in evidence. The defendant is, then, to give notice to the plaintiff of the *special matter* on which he relies, so that the plaintiff may not be taken by surprise. The Supreme Court held, many years ago, (8 *Johns. Rep.* 457.) that a notice had never been regarded with the same criticism and nicety as a special plea; and where a defendant gave notice that he would justify under a Justice's warrant against the plaintiffs, the notice was held to be sufficient, though it did not state the contents of the warrant, or the cause of action that was expressed in it. (5 *Johns. Rep.* 123.) Under the notice given in this case, it is idle to say, that to permit the defendant to prove, upon the trial, certain judgments against the plaintiff, and executions thereon, which were a lien, and which he had paid, could operate as a surprise. The plaintiff had, by his covenant, agreed to admit the very defence set up; and as the judgments were of record, and the executions matter of record, it was impossible that the plaintiff could have been injured by the general terms of the notice. It might as well be said, a plea of payment to a bond would not be good, unless it set forth all the particulars of the payment, as the precise place, and before whom, and in what money, and through whose hands, and whether all at one time, or at different times. It is sufficient to say, generally, that he paid the money according to the condition of the bond, and all the details are left to be supplied by the proof. I should be very sorry to be the means of introducing any inconvenient relaxation of practice on the subject of these notices accompanying the plea. The statute has prescribed no form, and each case must, in some degree, depend upon its peculiar circumstances, and upon the application of sound discretion in the Court at the trial. I lay a good deal of stress, in this case, on the fact, that the plaintiff had given a covenant, concurrently with the notes, and as part of one and the same agreement, to allow, as a set-off, the payment of any then outstanding judgments. Why did he give such a covenant, if he had not

IN ERROR.
.......
ALBANY,
Feb. 1823.

CHAMBER-
LAIN
v.
GORHAM.

good reason to believe, there were such judgments ? It was a fact, of which he was bound truly to inform himself. The defendant, in his notice, states the covenant, and tells the plaintiff, in his own words, that he shall show there were divers judgments outstanding against him when he gave the deed, and which were a lien upon his land, and that he had been obliged to pay them. It strikes me, as unreasonable and unjust, that the plaintiff, at the trial, should shut out the defence, under the pretence that the defendant did not tell him in the notice, all the particulars of these judgments, when they must have been matter of record, and the defendant stood ready to prove the judgments by the record, and to produce the executions issued thereon, and prove the payment of them. The plaintiff was informed, by the notice, of the specific nature of the defence, and he could have ascertained to his own satisfaction, and with perfect certainty, before the trial, whether the defence was a good one, by searching the records where judgments binding on the land must have appeared, if they existed.

Upon the whole, I am of opinion, that the notice was sufficient, under the particular circumstances of this case, to let in the proof of the payment of the judgments ; and, consequently, that the judgment of the Supreme Court ought to be reversed, as well as the judgment in the Court of Common Pleas of *Seneca* county.

*April 2d.*      This being the unanimous opinion of the Court, it was, thereupon, ORDERED, ADJUDGED, and DECREED, that the judgment of the Supreme Court be reversed, &c. and that the record be remitted, &c.

Judgment of Reversal.