## Vail *against* Smith.

DEBT, on a judgment of the Albany Common Pleas. The declaration set forth a judgment of the Court of Common Pleas, in favor of the plaintiff, against the defendant, as of the 3d Tuesday of October, 1813, *prout patet per recordum*, &c. Plea, *nul tiel record.*

<div style="font-size:smaller">

It seems, that an exemplification of a record of an inferior court of this state, is evidence in the supreme court, and that it is not necessary to remove the record there by certiorari, to make it evidence, even on a plea of *nul tiel record.*

The declaration set forth a judgment as of October term, 1813, *prout patet per recordum.* On *nul tiel record*, the judgment produced was of October term, 1814; *held*, a fatal variance.

But, it appearing that the judgment was entered as of October term, by mistake, the plaintiff was, on the trial, allowed to withdraw his record, in order that he might move to amend it.

The text of the record is the evidence which must control as to the time when the judgment is entered; and it cannot be corrected, on the trial, by the judge's date of signing judgment in the margin.

</div>

*J. Payn*, moved to bring on the trial by record : and he produced an exemplification of the record of a judgment in the Common Pleas of the county of Albany, in favor of the plaintiff, against the defendant, the *placita* whereof was of the 3d Tuesday of October, 1813, and the cause was continued upon the record to the 3d Tuesday of October next, (1814,) but the record was signed the 22d day of October, 1813.

*I. Hamilton*, for the defendant, objected that the evidence was inadmissible. He said, this being the record of another and an inferior Court, it should be brought here by a certiorari. That upon a plea of *nul tiel record*, the record itself is necessary, or the tenor of it; and it can come here by certiorari only, for the purpose of being evidence. An exemplification merely is not sufficient. (*Woodcraft* v. *Kinaston*, 2 Atk. 317, 318.)

[WOODWORTH, J.  I believe we have always considered an exemplification sufficient.](*a*)

*Hamilton.*  There is a variance. The declaration sets forth a judgment of October term, 1813. This record is continued to October term, 1814.

*Payn*, in reply. The variance evidently arises from a mere mistake of the attorney in making up the record. He has inadvertently drawn the *placita* as of the term at which judgment was rendered, instead of the term at which the writ was returnable; and the continuance being to October next, produces the variance. The declaration is of the term at which judgment was actually rendered, as appears by the signing in the margin. The day is altogether immaterial, as in other cases. (*Brooks* v. *Bemiss*, 8 John. Rep. 455.) But if otherwise, the Court will allow us to withdraw the record, move the Common Pleas to amend, and bring on the cause at another day.

(*a*) Vid. *Ladd* v. *Blunt*, 4 Mass. Rep. 402, acc.

*Curia.* The text of the record must be taken as evidence of the time when judgment was rendered ; and cannot be corrected by the note in the margin of the day when it was signed. In this view, there is a fatal variance between the declaration and the evidence ;(*b*) but the plaintiff may withdraw his record, and move the Common Pleas to amend.

<div align="right">ALBANY,<br>Feb. 1825.</div>

<div align="right">The People<br>v.<br>Judges of<br>Westchester.</div>

<div align="center">Rule accordingly.</div>

(*b*) The question of variance in setting forth a record, or judicial proceeding, seems to depend on whether it be set forth as matter of description, or with a *prout patet,* &c. or the judgment or proceeding be barely mentioned in pleading as having taken place on a particular day, generally, or after a *videlicit,* without any thing more specific. In the latter case, the day is mere form, as it would be in an action for goods sold and delivered. (Vid. *Purcell* v. *Macnamara,* 9 East, 157, and the cases there cited.) This last case was again considered and confirmed in *Philips* v. *Shaw,* (4 Barnw. & Ald. 477,) in an action of assumpsit on a contract to indemnify against becoming special bail. The declaration was, that judgment was recovered in the suit wherein the plaintiff became bail, in Michaelmas term, 58 Geo. 3 ; whereas the record was Hilary term, 58 Geo. 3 ; and held no variance.