## Norton vs. Rooker.

## Rooker vs. Norton.

1. Constitutional law.— An act of the legislature will not be declared unconstitutional unless its repugnance to the constitution is clear and beyond reasonable doubt.

2. Compulsory reference.— The statute of Wisconsin authorizing the district courts to refer certain cases to referees, without the consent of either party, is valid, and is not in violation of the right of trial by jury, secured by the constitution.

3. Report of referees.— A report of referees which reports a sum certain found to be due and the testimony upon which the decision is based, is sufficiently certain, although it does not state the *facts* which they find, or show what particular claims have been allowed or disallowed.

4. Pleading and evidence.— Partial failure of the consideration of a note may be given in evidence on the trial, where notice has been given of the defense intended to be set up, but not under the general issue without such notice.

5. Notice.— A notice of special matter to be given in evidence under the general issue need not be as formal as a special plea, and if it contains matter which embodied in a formal plea, would be good on a general demurrer, and is set out with such certainty as to apprise the plaintiff of the facts relied upon and intended to be proved, it is sufficient.

6. Set-off — unliquidated damages.— Although unliquidated damages cannot be set off against a certain demand, yet where the damages arise from a breach of the plaintiff's contract which formed a part of the consideration of the note sued on, they may be given in evidence under a notice, for the purpose of reducing plaintiff's damages.

7. Conditional report.— Where referees report a sum certain to be due to the plaintiff, and also make a conditional report, stating that they find a sum certain to be due from the plaintiff to the defendant which

in their opinion cannot, according to law, be allowed in the same action, but that if their opinion of the law is erroneous, then the sum found to be due to the defendant is to be deducted from the amount found in favor of the plaintiff; the court may, if the matter found in favor of the defendant can be legally taken into consideration, confirm both reports and enter judgment for the balance in favor of the plaintiff

ERROR to the District Court for *Racine* County.

*Norton* brought an action of assumpsit against *Rooker*, in the court below, upon a promissory note for $464, dated July 21, 1838, payable one year after date in boots and shoes, to be delivered at Foxville, in Racine county. The declaration also contained the common money counts, accompanied with a copy of the note and a bill of particulars. *Rooker* pleaded the general issue, and gave notice of special matter to be given in evidence, to wit: That the note sued on was given without consideration, and was obtained by fraud and deceitful representations of the plaintiff; set-off with a bill of particulars, in which he claimed $1,000 for Norton's failing to fulfil a verbal contract to finish certain buildings on Rooker's farm, and dig and wall a cellar under his house.

The district court ordered the case to be referred to three referees, to which order of reference *Rooker* objected.

The referees reported to the court that there was due from *Rooker* to *Norton* the sum of $360, besides costs. They also reported, by way of supplement, that there was due from *Norton* to *Rooker*—

For damages for not digging and completing cellar, according to contract ........................ $200 00
For not finishing wood-shed and granary ....... 41 00
For not finishing barn, and damage ............ 16 50

Amounting in all to the sum of $257.50; that the allowance of these sums was objected to by *Norton* on the ground that they were not proper subjects of set-off, which objection was sustained by the referees; but they say that if they erred in that decision, then the sum of $257.50 is to be deducted from the sum found in favor of *Norton*, who is to recover the balance. The referees also

reported the evidence taken before them. It appeared that the note was given in part consideration of an improvement on public lands which was sold to *Rooker* by *Norton*, and, as a part of the contract, *Rooker* was to dig and complete a cellar, to finish a wood-shed, granary and barn previous to the time of the payment of the note.

*Rooker* excepted to the report of the referees, the substance of which exceptions is embodied in his assignment of errors.

The district court confirmed the report and supplement, and gave judgment in favor of *Norton* for the balance, after deducting the claim of *Rooker* for damages, as found in the supplement of the referees. Both parties were dissatisfied with the decision of the court; *Norton* contending that he was entitled to his whole claim, as found by the referees, without any deduction, and *Rooker*, that the whole judgment should be reversed, and the case came to this court upon cross writs of error.

*Rooker* assigned errors in the proceedings of the district court, as stated in the opinion of the court.

And *Norton* made the following assignment of errors on his part:

The damages which the defendant sustained, as reported by the referees, ought not to have been deducted from the plaintiff's demand for the following reasons:

1. By the agreement of the parties, the payment of the note was a condition precedent to the doing the work for the not doing of which the defendant complains that he has sustained damages.

2. The defendant having once promised to pay the note in the hands of an assignee, was ever after barred from setting up a want or failure of consideration.

3. Partial failure of consideration cannot be set up in defense of a note.

4. Unliquidated damages cannot be set off.

5. There were fatal variances between the contract proved and the one pleaded.

The causes were argued separately. In the case of *Rooker v. Norton, H. B. Townslee*, for plaintiff in error, contended:

1. The order of the court below, referring the cause to referees, against the will of *Rooker*, was erroneous. This is a common-law action, and the value in controversy exceeds $20. The defendant below insisted upon a trial by jury. The right to this is secured to him by the constitution of the United States, and it is not competent for the legislature and the courts to substitute another mode of trial. Article 7 of the amendments to the Constitution of the United States; 1 Aiken, 148.

2. The report of the referees ought to have been set aside by the court below. The report ought to have stated the facts, and not the testimony at length. The report should be like a special verdict of a jury, to enable the court to apply the law to the facts, and not a mere report of evidence without any statement of facts established by it. 1 Aiken, 148; id. 359; 1 Verm. 250; 3 id. 359; id. 389; Law Reporter, vol. 1, No. 2; 5 Am. Dig. 52, 53.

3. The report should have stated the accounts between the parties, and showed what had been allowed or disallowed of each. A report showing a gross sum to be due to either, without stating the facts upon which the decision is based, is erroneous. The referees should not report a gross sum in the nature of a general verdict, for they are not the jury; they are only auditors or mere officers of the court, and cannot decide the cause but only prepare the case for the judgment of the court. 1 Aiken, 359; 3 Vt. 389; id. 597; Law Rep. vol. 1, No. 2; 4 Cranch, 307; 6 id. 9–29.

4. Fraudulent representations, or the concealment of defects in the property sold, will avoid all contracts, and the defense may be made under the general issue. If it was proved before the referees that the note sued on was obtained by false and fraudulent representations, or that

*Norton* concealed material defects in the property sold to *Rooker* for which the note was given, or misrepresented its quality and value, the referees ought to have disallowed the whole of *Norton's* claim.    Com. on Con. 35, 66, 207, 209 ; 12 East, 637 ; 2 Saund. Plead. & Ev. 907 ; 3 Johns. 280 ; Cowen & Hill's Notes to Phil. Ev. part 2, page 1475 ; Sugden's Vend. P. 5.

The proof in this case shows that *Rooker* wished to purchase a farm of a particular description, and possessing particular advantages ; that *Norton* represented that he had one to sell of just such description, which he thereupon sold to *Rooker*, for which the note in suit was given in part, and that these representations were false ; *Norton* is therefore not entitled to recover.

*Marshall M. Strong*, for defendant in error.

The statute of the Territory authorizing the courts to refer cases is constitutional.    The meaning of the article in the constitution that has been referred to is, that a man shall be tried by his peers, and not by persons permanently connected with the court, and the number is not material.    Our statute is copied from the statute of New York (see 2 Rev. Stat. N. Y. 384), which has been in force in that State since 1812, and its constitutionality has never been questioned there.    Again, by the laws of New York, in cases before a justice of the peace, where the judgment is under $25, no appeal can be taken.    A justice's jury consists of six persons.    Thus, cases where the amount of the judgment is between $20 and $25, although they come under the constitutional provision relied upon here, are tried by a jury of six, a number unknown to the common law as composing a jury.    This law has also the sanction of long standing without its validity being questioned.    Referees under the statute are sometimes called a legislative jury ; they answer every purpose, and secure every right that could be effected by a common-law jury.

The report of the referees is not liable to the objection embraced in the second and third errors assigned.    The

form of the report is adopted precisely from Yates' Pleading, 799. The practice that has been pursued in this case in relation to the reference prevails in New York under a similar law. Yates' Pleading, 339; Graham's Practice, 576; 4 Wend. 199. The cases that have been referred to by the plaintiff's counsel, from Cranch, are where auditors were appointed in equity causes, and do not apply to this case; and those in the Vermont reports arose under the peculiar provisions of the statute of that State which is not analogous to ours.

The fourth point assumed is not sustained by the evidence. The proof shows that Rooker spent several days at Norton's house on the farm, and examined it for himself before he purchased; and in such case the rule of *caveat emptor* applies. But, if the contract is void, it is void *in toto*. Rooker cannot keep the farm and enjoy it for years and avoid paying for it.

*Moses M. Strong*, in conclusion:

One of the most important points in the case is the one first suggested by the plaintiff in error. To decide upon the constitutionality of a law is always a grave matter in the consideration of the court; but, when an act of the legislature is shown plainly to conflict with the constitution, the court will not hesitate so to decide. The right of trial by jury has always been considered one of the most valuable rights secured to American citizens. This right was not created or granted by the constitution; it existed before the constitution, as the birth-right of every American, and the constitution only confirms and secures the right. If we give a common-sense construction to the seventh article of the amendments, we must come to the conclusion that the act of the legislature authorizing the courts to substitute referees instead of a jury, against the will of a party, violates its provisions. The referees have been called a legislative jury. It matters not by what name they are called, they are not the jury that the party had a right to, to try his cause, when the constitution was adopted; they

do not possess any of the attributes of a jury ; the party has not the benefit of a trial before the court and jury together, and the instructions of the court to the jury upon the law of the case.

The objections to the report itself are based upon the supposition that the order of reference is legal.    Admitting the order to have been legally made, still the report is bad, and ought not to have been confirmed by the court.    The referees have reported testimony when they should have reported facts ; they have left the court to ascertain the facts from the testimony, and the court became the judge of the facts as well as the law.    If they come in place of a jury, and are to be considered as a jury for all legal purposes, they ought to have decided what facts were proven by the testimony.

The case of *Norton v. Rooker* coming up for argument, *Marshall M. Strong* and *H. N. Wells*, for plaintiff in error, contended that, by the agreement of the parties, the payment of the note was a condition precedent to the performance of *Norton's* contract.    Until the note was paid, *Rooker* could not require performance from *Norton.* Chitty on Bills, 87 ; Am. Law Lib. 33.    At most, the agreements were independent of each other, and were the subjects of separate actions, and not of set-off against each other.

Partial failure of consideration cannot be set up in defense to an action upon a promissory note.    This is the universal rule of law in England, and wherever it has been departed from in the United States, it has been under particular, statutory provisions.    *Reab* v. *McAllister*, 8 Wend. 109 ; Bailey on Bills, 534, 544 ; Chitty on Bills, 8 ; 5 Cow. 494 ; 1 Litt. 233 ; 5 id. 249 ; Harr. Dig. 524 ; Chitty on Bills, 88, 89.

The express promise of *Rooker* to pay the note in the hands of an assignee precluded him from afterward setting up in defense any want or failure of consideration.    This promise amounted to a legal admission of the sufficiency of the consideration, and estopped him

from the defense that has been made in this case. 2 Cowen's Tr. 740 ; Bigelow's Dig. 705.

The defense set up under *Norton's* contract was not in mitigation of damages, but was under a notice of set-off, claiming unliquidated damages. The principle that unliquidated damages cannot be set-off is too well settled to need argument. 8 Wend. 109 ; Terr. Stat. of Wisconsin, 278. Again, the notice of special matter is bad. The rule in New York to test the sufficiency of a notice of this kind is to see if it would be good on general demurrer if it were embodied in the form of a special plea. 10 Johns. 140. If the notice in this case is tested by this rule, it cannot be sustained.

The contract proven before the referees was materially different from that stated in the notice. The defendant below ought to have been confined in his proof to the matters stated in his notice. 10 Johns. 140 ; Cowen's Tr. 557, 558 ; 1 id. 207, 209 ; 2 id. 509.

*Moses M. Strong* and *H. B. Towslee*, for defendant in error.

The proof shows that instead of the payment of the note being a condition precedent to *Norton's* performance, *Norton* was to perform his contract six months before the note became due, and that his performance was a condition precedent to the payment.

Although, as a general principle, unliquidated damages cannot be set off, yet, where the damages arise from the non-performance of a condition precedent in a contract that entered into the consideration of the defendant's promise, they may be brought in and allowed.

Under the Revised Statutes of New York, which it is admitted is in this respect, in affirmance of the common law, partial failure of consideration may be given in evidence upon the trial to reduce the plaintiff's recovery. 1 Cowen's Tr. 174. The defense in this case was not insisted upon on the trial as a set-off, but as a partial failure of consideration, and as such, was properly allowed. Id. 174, 176 ; Cowen & Hill's notes to Phil. Ev. 1475.

A notice of special matter need not be as particular as a special plea. The notice in this case was understood by the plaintiff, and accepted as sufficient; no objection was made to it at the trial, and it is too late now to except to its sufficiency.

IRVIN, J. This cause came up on error to the judgment of the district court of Racine county, given at the November term of said court for 1841.

The action was assumpsit instituted by *Nelson R. Norton*, the defendant in error, against *Joseph Rooker*, the plaintiff in error, upon a promissory note, to be discharged by a payment in shoes and boots, and an account, and declared on with the usual counts in that form of action; to which the defendant interposed a plea of the general issue, with a notice of set-off and special matter to be given in evidence.

In the progress of this cause, it appears that the court referred it to referees, in pursuance of the authority contained in the 84th section of "an act concerning proceedings in courts of record." Terr. Stat. of Wisconsin, p. 209, by which it is provided that "whenever it shall appear probable, in any cause pending in any district court, that the trial of the same may require the examination of a long account on either side, the said court, at any time after issue joined, in such case, may refer such case by rule of court to referees, who shall be three such persons as the parties may agree upon, and if they shall not agree, the said court shall nominate them, which referees shall hear and examine the matters in controversy, and report thereon," etc.; and upon which reference report was afterward made and accepted by the court, and judgment given thereon.

It further appears that the plaintiff in error, in the first writ, objected to the reference of the cause, on the ground that he had a right to trial by jury, but which objection was overruled; and it further appears that the defendant objected to the acceptance of the report of

the referees for reasons stated in his bill of exceptions, the substance of which is embodied in his assignment of errors in this court, which is as follows:

1. " The court erred in referring this cause to referees, against the consent of the plaintiff in error, the action being a common law action.

2. The court erred in ruling that it was not necessary for the referees in this cause to report the facts as found by them in the trial of the cause.

3. The court erred in ruling that it was not necessary for the referees to make a report of what they had allowed of the plaintiff's claim or disallowed, or what the referees had allowed or disallowed of the claim of off-set of the defendant below.

4. For that the court erred, in ruling that the referees had decided properly in finding that false representations, as proved, did not avoid the note in suit.

5. The court erred in ruling that the report of the referees be accepted, and in entering judgment thereon."

The first error assigned is upon the construction of the 7th article of the amendments to the constitution of the United States, which is, that "in suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved," etc., it being contended by the counsel for the plaintiff in error that the law of the Territory before referred to is in violation of this portion of the constitution.

To justify a court in declaring a law of the legislature unconstitutional, the case must be clear and manifest. 12 Serg. & Rawle, 330 ; 3 id. 169. Is this such a case? If we be permitted to take the uncontradicted action of the different States on this subject, indulged in, in some instances, for a quarter of a century, as an answer to this question, we should say that it is not; for in some shape or other, has the practice of referring suits to referees exis-ted in some of the States, perhaps, ever since the adoption of the federal constitution, and in States, too, where similar provisions are found in the State constitutions.

In the State of New York, where the provisions of the law in this respect are similar to those of our statute, the practice has existed for upward of thirty years. In Pennsylvania it has existed, in even a stronger form, for many years under a clause in its State constitution, similar to that of the United States constitution in relation to trial by jury; and so free from constitutional objection is the subject there considered, that the court refused to consume time in hearing the question argued. 6 Serg. & Rawle, 240; 1 Binney, 416.

That a reference of a cause to referees to hear and examine and report thereon is not a trial by jury, in the usual acceptation of the term jury trial, may not, perhaps, be doubted; nor is it a violation of the constitution of the United States to have a jury differing from that known at the common law, which was composed of the number of twelve, as, perhaps, for different purposes, as the legislature might think best, they have (and unquestioned as to constitutionality) been composed of numbers varying from six to twelve.

The principal object of the institution of trial by jury seems to have been to give to persons, whose rights are to be inquired into, the right to be tried by their peers. If that be true, then, are those rights less secure when tried by peers, not it is true, called jurors, but referees, who are as solemnly sworn as jurors? We cannot imagine that they are. But however differently minds may speculate upon this subject, we cannot see that this is such a clear case of unconstitutionality as to justify a reversal of the judgment of the district court on that point, declaring the law void; particularly too, when we know that all the errors committed by the referees may be as fully corrected by the court as though the trial had been by jury before that court.

Under the second error assigned, it was contended, that as the referees had reported to the court all the evidence in the case, as well as their conclusions from it, they exceeded their powers (deeming them to be to report the

facts and not the testimony), and for that reason the defendant below objected to the acceptance of their report. How far this objection is good we shall presently see. It is true, that had the referees made "report of what they allowed of plaintiff's claim, or disallowed; or what they allowed or disallowed of the claim of off-set of the defendant below," as assigned in the third assignment of error, and here noticed in connection with the second, it might have been a source of further satisfaction to the parties; but had they stopped with such a report, they would have left undone a much more important thing, that is, left the court without the fullest means of ascertaining whether error and injustice had found their way into the proceedings; and as there is nothing in the law which requires a report of facts alone, we do not see that there was error in the report, which reported to the court the testimony, as well as the sum ascertained by them to be due from the defendant to the plaintiff; and that they were bound to find the sum due is evident from the law itself, which is, "and if the report of the referees or a majority of them, shall be confirmed by the court, and any sum be thereby found for the plaintiff, judgment shall be entered for the same with costs," etc. We cannot therefore see that there was error in the decision of the court in these particulars.

The fourth error assigned, and which upon an examination of the evidence, we cannot sustain, very conclusively shows that there was no impropriety in that part of the report of the referees which 'puts the court in possession of all the testimony.

Finding no objection thus far to the decision of the court below, and seeing nothing in the fifth assignment of error beyond matters already noticed, we affirm the judgment of the district court, with the costs of this case; but as it appears that both plaintiff and defendant were dissatisfied with the judgment of the district court, as both are here on separate writs of error, and both now

before the court, we will now consider the errors as assigned under the second writ.

It appears, as has been already stated, that the suit was brought on a note payable in boots and shoes, and in part consideration of an improvement on public lands which was sold by plaintiff to defendant, and as a part of the contract, plaintiff was to dig and complete a cellar, to finish a woodshed, granary and barn, previous to the time of payment of the note. The time for doing the work and making payment of the note was afterward, by agreement of the parties extended. With defendant's plea of general issue, he gave notice that he would give in evidence that the note was given without any consideration ; that he claimed as a set-off a large sum of money, to wit : the sum of $1,000, for plaintiff's failure to fulfil a verbal contract to finish certain buildings situate on defendant's farm, in Burlington, and for failing to build a cellar under the house situate on defendant's farm. In the account filed by defendant in set-off, is contained the items : "Damages for not finishing barn according to contract, $100 ; damages for not finishing wood-house according to contract, $100 ; for failing to stone up my cellar, and finish the same, to my damage $250." Although the notice is very inartificially drawn, we cannot say that it is so imperfect as to have justified the referees in excluding the evidence.

When it is remembered that this very matter is part of the consideration of the note, and for which it was brought into existence, we think that it was sufficient to notify the plaintiff of the defense intended to be set up by defendant. This notice, though not required to be, in the strict technical form of a plea (8 Johns. 455) must, neverthless, contain all the facts necessary to be stated in a special plea. 13 Johns. 475 ; 10 id. 142 ; 8 Wend. 590. It must also state truly the facts intended to be given in evidence. 14 Johns. 89. Where the notice was in general terms, that the defendant would prove that there were divers judgments, at the time of the sale

of the land, outstanding against the plaintiff, which were a lien on the land, and which the defendant was obliged to pay and did pay, in order to prevent a sale of the premises, without specifying any particular judgment, Chancellor KENT, in 20 Johns. 746, says: "It would be unreasonable and unjust that the plaintiff, at the trial, should shut out the defense under the pretense that the defendant did not tell him in the notice, all the particulars of these judgments, when they must have been matters of record, and the defendant stood ready to prove the judgments by the record, and to produce the executions thereon, and prove the payment of them." On the same principle, in this case, the note in question and the matters in defense, relate to the same transaction between the parties, and the plaintiff must have known it sufficiently without its being formally stated in the notice.

The referees made a report in favor of the plaintiff, but reduced, by special report, under conditions of law, the plaintiff's claim, on proof of facts referred to in the notice, and on which the court rendered judgment, after objection on part of the plaintiff, that partial failure of consideration could not be given in evidence and entertained, which is the question now to be considered. On this point there are conflicting opinions, but under the more recent and present practice of the courts, with a view to prevent circuity of action, it is generally allowed. In the supreme court of the United States, it is decided in some cases, which are collected in a note in 2 Peter's Cond. Rep. 218, not to be a defense; but on examination, these decisions were probably, mostly made on the general issue. In 2 Wheat. 13, it is decided by the court not to be a defense under the general issue. So this court decides. To give evidence of a partial failure of consideration, a notice must accompany the plea of the general issue. 6 Binney, 198; 1 Serg. & Rawle, 477; 8 id. 178; 8 Cow. 31; 2 Wend. 431; 12 id. 246; 3 id. 236; 4 id. 483; Graham's Pract. 231, 232; 7 Cow. 322; 3 M'Cord,

Norton vs. Rooker — Rooker vs. Norton.

169 ; 1 Cowen's Treat. 174 ; Bailey on Bills (Boston ed. of 1826), 340, in notes ; 3 Kent's Com. 78, 79, 80.

It is true that unliquidated damages cannot be set off, but this is evidence of matters in diminution of the plaintiff's demand, arising out of the same transaction, and not technically an off set, although defendant called it so in his notice ; and this is mere matter of form, and not of substance, and does not vitiate the notice, and particularly does it not vitiate it in this form of action, which is in its nature equitable.

The third error assigned, that the defendant having once promised to pay the note in the hands of an assignee, was ever after barred from setting up a want of failure of consideration, does not appear to have much in it. This note was not negotiable, and it does not appear that the suit was for the use of a third person, but on the contrary, all off-sets and accounts between the parties seem to have been gone into. There is nothing appearing on the record to show but that the plaintiff was the actual and legal owner of the note at the time of the suit. The evidence affords sufficient explanation of the circumstances to settle the ownership of the note in the plaintiff. We are therefore, on this branch of the case, constrained to affirm the judgment of the district court, with costs.

NOTE.—The provisions of chapter 288, Laws of 1864, authorizing compulsory references in certain cases, are held to be constitutional. *County Board of Supervisors v. Dunning,* 20 Wis. 210.