By the Court, Cowen,
J. The notice sufficiently apprised the plaintiff of the judgments against Clark Rood. In its account of these, when taken in connection with the executions which it set forth, we have the name of the justice, the parties and the amount. It is not correct to say, that a notice of special matter must contain all the particulars requisite in a special plea ; not even substantial particulars, in so many words. True, it must import all the facts material in a special plea of the same matter ; (Shepard v. Merrill, 13 John. 475 ;) but I ap- . prehend it will be sufficient, though far less definite. Much may be left to implication—to a general and comprehensive mode of expression, and to the compass and force of certain *260 words—which would not be admissible in a plea. That the justice rendered judgment, for instance, imports that he rendered a valid judgment; viz. after notice to the party, and in a case where he had jurisdiction of the subject matter. Otherwise there could be no judgment, properly so called.
The great point in a notice is, that the party should be intelligibly informed of the matter intended to be set up as a defence. This need not be in technical language. If the plaintiff be put in possession of the means for direct information, that is sufficient. For instance, informing him that the execution was issued by such a justice, on a judgment between certain parties—without more—would be enough ; because the party might, by enquiry, inform himself of all requisite particulars. The case of Chamberlain v. Gorham, (20 John. 746,) in the court for the correction of errors, decides enough, and more than enough, to show that the notice in question was abundantly sufficient.- In answer to an action upon a note given on the purchase of land, made by the defendant and payable to th^ plaintiff, the defendant gave notice of a simultaneous agreement sealed by the plaintiff, to deduct from the note the amount of certain judgments against him, if any, which were a lien upon the land, provided the defendant should be obliged to pay them. The notice, in addition to this, was merely to the effect that, there were divers judgments, at the time of giving the note, outstanding against the payee, which were a lien upon the land coriyeyed, and which- the maker had been Obliged to pay. This notice was held to be too general and indefinite, first by the common pleas, and afterwards by the supreme court; but the judgment of the latter court was reversed by the court for- the correction of errors. Chancellor Kent, who delivered the opinion, certainly laid considerable stress upon the judgments being against the payee who had covenanted to deduct the payments upon them. But his-whole. course of reasoning went On the ground, that a notice of special matter is sufficient if it be so certain that the-plaintiff be not- taken-by surprise ; and- he held that the party could hot allege surprise, *261 when judgments are mentioned of record as existing against himself. The reason given was, that the notice furnished him with the means of enquiry and information. The notice in that case, it will be perceived, was entirely barren of all particulars. It was no more than saying, “ there were judgments against you which you knew of and which I was obliged to pay.” No court, place, cause, sum or party plaintiff, was mentioned. In the case before us, the plaintiff not being a party, it might have been necessary, to bring it within Chamberlain v. Gorham,, that the defendant should, as he has done, name the justice, or parties. Either would have pointed out the means of obtaining particulars ; and both were in fact given, with the amount.
It is a little remarkable, to be sure, that in Chamberlain v. Gorham, the cause should have gone from the common pleas through this court to the court for the correction of errors, without the discovery either by counsel or court that the defence was plainly admissible under the general issue, without either plea or notice. Such a consideration, however, detracts little from the force of the decision. Every body assumed the contrary, and the whole stress of the case was rested upon the degree of certainty required by the statute which authorizes a special notice. The result was, first, that all matters of mere form, such as time and place, may be disregarded ; and secondly, that any short and comprehensive phrase, such as one desirous to convey a general knowledge of the nature of his defence would use in conversation, is sufficient. The court, in judging of these notices, should look to the condition of the party; and, in the exercise of sound discretion upon the nature of the defence, as compared with the notice, decide whether a man of ordinary capacity in business, assisted too by professional advice, could complain that he was not fairly advised either of the matters intended for defence, or the means of readily acquiring the requisite knowledge.
One object of the statute allowing notices instead of pleas was, to avoid the niceties of special pleading. These, with *262 all the liberality of the modern cases in favor of receiving matter o‘f avoidance under- the general issue, still presented real difficulties ; many times working the sacrifice of important rights, even in the hands of skilful lawyers. The statute was highly remedial, and ought to be liberally construed. The remedy should as far as possible be advanced, and the mischief suppressed. This may be effected without destroying any of the principles on which special pleading was founded ; much better, I apprehend, than by returning to the ancient system in all its rigor, as England has done. Looking at the late reports of that country, one is led to believe that their system of administering justice, even with the power delegated to the judiciary of prescribing rules for special pleading, is losing more by formal and verbal disputes, than it gains by narrowing down the point in controversy.
We are of opinion that the judgment of the court below should be reversed.
Judgment reversed.(a)

 See Edwards v. M’Kibben, (24 Wend, 480, 483.)