The Board of Supervisors of Brown County vs. Van Stralen and others.

THE BOARD OF SUPERVISORS OF BROWN COUNTY vs. VAN STRALEN and others.

PLEAS IN ABATEMENT. *(1) A certain plea held to be in abatement. (2, 3, 5) Order of pleading, and of trial, of pleas in abatement and pleas in bar. (4, 5) Reference of issue in abatement.*

1. After complaint amended, an amended answer was filed by leave of court, which sets up, among other things, an agreement between the parties, before amendment of the complaint, to discontinue the action upon cer

tain terms; and prays judgment of discontinuance in pursuance of such agreement. *Held,* a *plea in abatement,* and not in bar.

2. While pleas in abatement and pleas in bar *may,* under the code, be set up in the same answer *(Freeman v. Carpenter,* 17 Wis., 126; *Dutcher v. Dutcher,* 39 id., 651), yet the former must be disposed of before trial of the latter, unless they are tried together by consent.

[3. Whether, under the code, pleas dilatory and pleas peremptory may be set up *successively* in *different answers,* not here decided.]

4. Issues in abatement cannot be referred without consent.

5. Where a plea in abatement and one in bar were set up in the same answer, the latter making a proper issue for a reference, and, without consent, both issues were referred together, a judgment for plaintiff is reversed, with directions for a new trial of the merits only in case of a prior determination *against defendants* of the issue in abatement.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action on the official bond of *Van Stralen* as treasurer of Brown county. "In the original complaint, the plaintiff assigned, for breach of the county treasurer's bond, the nonpayment of one sum of some eight thousand and odd dollars only. Afterwards the complaint was amended, assigning additional breaches for the nonpayment of several other large sums. The court below gave leave to the defendants to file an amended answer to the complaint so amended. This answer sets up an agreement between the parties, made before the complaint was amended, to discontinue the action upon settlement made for payment of the sum claimed in the original complaint, and concludes by praying judgment of discontinuance in pursuance of the agreement."

On the pleadings and an affidavit showing that the trial of the action would require the examination of a long account, the court, on plaintiff's motion, and against defendants' objection, sent the cause to a referee for trial. On the coming in of the referee's report, defendants filed exceptions to his findings and conclusions. One of the findings so excepted to was, that no agreement for the discontinuance or settlement of the action was ever made between the parties. Another exception was to the failure to report that defendants were entitled to a judgment of discontinuance. The court overruled the exceptions, confirmed the report, and rendered judgment pursuant

thereto for the amount of the bond, and costs, with leave to issue execution for over $29,000 damages, and the costs. From this judgment, the defendants appealed.

For the appellants, there was a brief by *Hudd & Wigman*, and oral argument by *Mr. Hudd*.

For the respondent, there was a brief signed by *John C. Neville* as district attorney of Brown county, and by *Hastings & Greene* as respondent's attorney; and oral argument by *Mr. Neville* and *Mr. Greene*.

RYAN, C. J.   The answer does not go to the right of the respondents to recover, but only to their right to recover in this action.   It is clearly in abatement.   " Whenever the subject matter of the defense is, that the plaintiff cannot maintain any action at any time, whether present or future, in respect of the supposed cause of action, it may and usually must be pleaded in bar; but matter which merely defeats the present proceeding, and does not show that the plaintiff is forever concluded, should in general be pleaded in abatement." 1 Chitty's Pl., 446.

Whether or not leave to file this answer were providently granted; whether or not the answer would be good on demurrer; whether or not the proper practice for the appellants were by answer in abatement, or by motion to dismiss, — are questions not now before the court.   The answer in abatement is in the record, by leave of the court below, undisposed of, unless the finding of the referee and the confirmation of his report have effect to dispose of it.

It is too late to question the power of the circuit courts to order compulsory references of causes requiring the examination of long accounts.   And this power appears to comprehend the reference of all issues in bar, where there is a long account to be settled.   *Norton v. Rooker*, 1 Pin., 195; *Stilwell v. Kellogg*, 14 Wis., 461; *Mead v. Walker*, 17 id., 189; *Supervisors v. Dunning*, 20 id., 210; and other cases in this court.   The reference, however, rests in sound judicial discretion.   And there are doubtless issues in bar which it would

be an abuse of discretion to send to a referee. And so the statute gives express power to order references for stating accounts for the information of the court, before and after trial. The practice might be resorted to where the issues in bar are of such a character as ought to be tried before a jury. and the account is of a length and nature to embarrass a jury trial.

The question here, however, is, whether an issue in abate-ment can be·sent for trial to a referee because the issue in bar involves a long account; and this is a new question in this court.

In *Dutcher v. Dutcher*, 39 Wis., 651, it is said: "The code does not touch the distinction between defenses in abatement and defenses in bar, or the legal effect of judgments upon them. It does indeed modify the manner, form and time of putting in such defenses, but does not confound them or their consequences. Formerly, pleas in abatement and pleas in bar must have been separately and successively pleaded in that order; now, matter of abatement and matter of bar may be set up as separate defenses in the same answer. *Freeman v. Carpenter*, 17 Wis., 126. Whether they may be successively pleaded and tried, or, being pleaded together, may be separately tried, are questions not now before us."

The question left undecided in *Dutcher v. Dutcher*, whether pleas in abatement and pleas in bar, set up in an answer, should be separately tried, is thus directly involved in this case. For if the plea in abatement should have been first, tried, it could not be referred against the objection of the appellants. It does not involve the examination of an account, and is therefore not within the statute authorizing compulsory reference. And if the action should be determined upon trial of that defense, it would be worse than idle to submit the issues in bar and the account to a referee, whose report would necessarily go for nothing; indeed, might not come in until after judgment of discontinuance. The court has therefore now, for the first time, to settle the practice in this state of the order of trial of issues in abatement and of issues in bar.

At the common law, dilatory pleas, including pleas in abatement, and pleas in bar, could not be pleaded together. The code authorizes all defenses to be joined in a single answer. At the common law, a plea to the merits waived all dilatory pleas; dilatory pleas must be first pleaded in their order and disposed of; then pleas in bar. These rules are abolished by the code. *Freeman v. Carpenter*, 17 Wis., 126. In New York it has been held that dilatory pleas and pleas to the merits cannot be pleaded successively, but must be embraced in one answer and tried together. *Gardner v. Clark*, 21 N. Y., 399. No case in this court is believed to have gone so far. *Freeman v. Carpenter* holds only that defenses dilatory and defenses peremptory *may* be pleaded in one answer. And though that case might seem to sanction one trial of issues in abatement and issues in bar, the question was not necessarily in the case, and is not considered or decided.

Although at the common law, as Mr. Chitty remarks, the subdivision of pleas in abatement might be considered more subtle than useful, yet the rule of disposing of all dilatory pleas by themselves, before trial of issues in bar, appears to have been both logical and useful. As is remarked in *Dutcher v. Dutcher*, the distinction between pleas in abatement and pleas in bar is not one of form merely, but of substance. For judgment for the defendant on plea in abatement defeats the action only; on plea in bar, defeats the cause of action everywhere and forever. And it might lead to great confusion and uncertainty, if issues going to the jurisdiction of the court, to the disability of the parties, to any ground for abatement of the action, should be tried indiscriminately together with issues in bar going to the merits. It is sometimes difficult to distinguish, juries perhaps do not often, courts perhaps do not always, accurately distinguish on trials, between different issues to the merits, or exercise due discrimination in applying and restricting evidence applicable to each. Evidence in support of one issue is sometimes not unapt to prejudice another to which it has no legitimate application. This is perhaps an inherent infirmity in trial of issues of fact; and the

law should carefully guard against it, surely not increase it.

When issues in abatement and issues in bar are tried together, there will always be danger of findings by compromise between the two. Unless special verdicts should be rendered on such trials, it would be impossible to determine what judgment should follow. And it would be a hardship on both parties to subject them to expensive trials on the merits, when the action might be determined for the defendants on pleas in abatement. It seems to be out of reason and order to try whether the plaintiff have a good cause of action, before determining whether he properly have an action pending for it. The common-law rule of first disposing of dilatory pleas in their order, appears to be more lawyer like, more according with judicial order, safer, more convenient and proper in every way. This accords well with the spirit of the provisions of the code for separate trials of issues of law and of fact, of legal and equitable issues. And it may well have been in the minds of the distinguished gentlemen who made the revision of 1878, in framing the new provision relating to issues of fact, that "no issue need be tried, the disposition of which is not necessary to enable the court to render the appropriate judgment." Sec. 2844. And while the code at least modifies the common-law order of pleading, no provision in it appears to have been so framed as to work any change in the common-law order of trial of pleas in abatement and of pleas to the merits. The latter appears, therefore, to stand undisturbed. This court has neither authority nor disposition to add to the difficulties arising from the great change in pleading and practice. And it is now held that, when both are pleaded together, dilatory pleas must be first disposed of before trial of issues on the merits. The question whether pleas dilatory and pleas peremptory may of right be successively set up in different answers, is left, where *Dutcher v. Dutcher* left it, undecided.

By written consent of both parties, all issues may be tried together or referred, whether in abatement or in bar, or in both. But issues in abatement and in bar cannot be tried together without consent; and issues in abatement cannot be

referred without consent, whether or not they are pleaded with pleas in bar involving an account.

The answer in abatement in this cause, against the opposition of the appellants, was referred without authority; the referee took none to pass upon it; the answer stands in the record undisposed of, and must be disposed of by the court below, before proceeding in any way to trial of the issues in bar. If the issue in abatement be determined for the appellants, there is an end of the cause. If it be determined against them, then the court below can proceed to trial *de novo* on the merits.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for further proceedings in accordance with this opinion.

A motion by the respondent for a rehearing is still pending.