## THOMAS W. BARLOW, RECEIVER, ETC., RESPONDENT, v. JOSEPH MARRONE, APPELLANT.

Submitted July 6, 1915—Decided November 15, 1915.

1. In a suit upon a judgment of a superior court of a sister state, the presumption, upon the offer of an exemplified copy thereof, is that the recitals therein that are essential to jurisdiction over the defendant are true, which casts upon the defendant the duty of going forward with testimony that shall rebut such presumption.
2. In an action upon a debt of record, a general denial of indebtedness that is the mere equivalent of a plea of *nil debet* goes for nothing.
3. In an action on a record, identity of name is *prima facie* identity of person.

On appeal from the Essex Circuit Court.

This was an action upon a judgment recovered in the Supreme Court of the State of New York against Joseph Marrone.

At the trial in the Essex Circuit the plaintiff offered in evidence an exemplified copy of the judgment roll of the Supreme Court of New York and oral evidence as to the sum due thereon, and rested his case. The defendant moved for a nonsuit upon the ground—*first,* that there was no proof that the said judgment would be evidence of the facts stated therein in the State of New York; *second,* that there was no proof that the defendant therein was the same Joseph Marrone; and *third,* that there was no proof that the New York Court acquired jurisdiction over the defendant by service of summons or otherwise. The defendant's motion to nonsuit being denied, he rested without offering any testimony. A verdict was then directed for the plaintiff.

For the appellant, *Melosh & Morten.*

For the respondent, *Teeple & Unger.*

The opinion of the court was delivered by

GARRISON, J. The motion to nonsuit was properly denied.

The evidence afforded by the exemplified copy of the judgment was *prima facie* proof of the facts therein stated that were essential to jurisdiction.

The recital that the summons was personally served raised a presumption of jurisdiction that called upon the defendant for proof, and the same is true of the identity arising from similarity of name. In an action on a record, identity of name is *prima facie* identity of person. *Green* v. *Heritage,* 63 *N. J. L.* 455.

In each of these respects the plaintiff's proofs made it the duty of the defendant to offer evidence to the contrary.

The rule approved by this court in *Anthony* v. *Wilson,* 74 *N. J. L.* 630, is that in a suit upon a judgment rendered by a superior court of a sister state, the presumption, upon the offer of an exemplified copy thereof, is that the recitals therein that are essential to jurisdiction over the defendant are true, which casts upon the defendant the duty of going forward with testimony that shall rebut such presumption.

The novel contention that plaintiff in such an action should be nonsuited if he does not affirmatively prove that such judgment would be evidence in the state in which it was rendered, loses sight of the presumption that the common law obtains in such state until the contrary is shown to be the fact. This presumption, like the others, may be rebutted, but that duty is on the defendant. There was no proof upon this point on either side, but in the case of *Vail* v. *Smith,* 4 *Cow.* 71, Mr. Justice Woodworth, speaking of such rule of domestic evidence, said, "I believe that we have always considered an exemplification sufficient."

And in *Shumway* v. *Stillman,* 4 *Cow.* 292, Mr. Justice Sutherland, speaking of the judgment of a sister state, said: "Every presumption is in favor of the jurisdiction of the court. The *record* is *prima facie* evidence of it and will be held conclusive until clearly and explicitly disproved." This negatives the notion that is advanced by counsel in the present case.

The defence that was the equivalent of the plea of *nil debet* was properly struck out; it is hornbook law that in an action upon a debt of record a general denial of indebtedness goes for nothing.

The defendant having offered no testimony to meet the *prima facie* case made by the plaintiff, the direction of a verdict was proper.

Judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 16.

*For reversal*—None.