CROSBY and others vs. SMITH and others.

In an action to abate a mill dam, within the city of Janesville, where the complaint showed that the dam had been maintained for ten years, and did not show any excuse or justification for the acquiescence of plaintiffs during that time, *Held*, on demurrer, that the plaintiffs were not entitled to the relief sought.

But where the complaint alleged further that the defendants were about to raise said dam above the height at which it had been previously maintained, and that such increased height would overflow more of the plaintiffs' land and endanger the health of their families, &c., and prayed for an injunction restraining such increase of height: *Held*, that in this respect the complaint showed a cause of action.

The general Mill Dam Law, by its own terms, applies only to streams that are not navigable; but by an act of the territorial legislature approved April 1st, 1843 certain persons therein named were authorized to erect and maintain a dam across Rock river (which is a navigable stream) at any point they might deem

most suitable, on any land they might own in a certain specified section and town in Rock county; and in respect to the damages to be paid for flowing lands of other persons, and the manner of recovering such damages, they were made subject to the general Mill Dam Law of 1840. In an action commenced in 1856, to abate a dam across said river, erected in 1846, the complaint showing that said dam was upon the section of land aforesaid, *Held*, on demurrer,

1. That the repeal of the law of 1840 before the erection of said dam would not affect the rights of the proprietors of a dam erected under the provisions of the act of 1843 and subsequent acts amendatory thereto, and a common law action for damages to lands flowed by their dam could not be maintained.

2. That it did not appear from the complaint, and the court could not assume as a fact, that the dam described in the complaint was erected under the provisions of said special acts.

3. That, it appearing from the statements of counsel that the dam was in fact erected and maintained under said acts, the court below, on payment by defendants of the costs of the demurrer, and motion made by them within a reasonable time, should permit them to answer.

APPEAL from the Circuit Court for *Dane* County.

*Crosby* and others filed a bill in equity in the circuit court for Rock county, in 1856, in which they aver that they are the owners of certain lands in said county adjoining Rock river: that in 1846 a dam about *four* feet in height was built across said river within the present limits of the city of Janesville, and a little distance below plaintiffs' lands, and has since been maintained at that height; that during the time it has been so maintained it has caused the waters of Rock river to overflow considerable portions of plaintiffs' said lands, causing great damage thereto; that it has also caused other lands adjacent to be overflowed, and has rendered all that section of country sickly, &c. ; and that the proprietors of said dam have never paid plaintiffs or their grantors any compensation for the damage so caused. The bill then alleges that the defendants are the present owners of said dam and the water power created thereby, and that they are engaged in building up said dam to the height of *eight* feet; that if the height of it is so increased it will cause a still greater portion of plaintiffs' lands to be flowed, to their great damage, and will also greatly endanger the health and lives of the plaintiffs' families, resident upon said lands, &c. ; and that defendants have not paid or offered

to pay to plaintiffs any compensation for the lands which they are thus about to flow. Prayer, for an injunction restraining the defendants from further raising said dam; and also for a decree directing them to take down the dam, and restraining them from maintaining the same.

The defendants demurred, on the ground that the bill show-ed no cause for the relief sought. The cause having been re-moved to the Dane county circuit court, an order was there made overruling the demurrer and directing that judgment be entered for the complainants in accordance with the prayer of their bill. The defendants appealed.

*Knowlton & Jackson*, for appellants.

*I. C. Sloan*, for respondents.

The following opinion was filed at the June term, 1863 :

*By the Court*, PAINE J. Within the rule acted on by this court in the case of *Sheldon v. Rockwell*, 9 Wis., 166, and *Cobb v. Smith*, 16 Wis., 661, the complaint in this case fails to show a sufficient ground for a court of equity to wholly abate the dam of the defendants. It shows that the dam was erected across Rock river at the city of Janesville, in 1846, and has been maintained from that time until the commencement of this suit. It fails to show any excuse or justification for the acquiescence on the part of the plaintiffs for such a length of time. Where it appears that a dam is thus erected and main-tained in a stream passing through one of the most flourishing inland cities in the state, it sufficiently appears that important interests have grown up around it, to prevent a court of equity from aiding plaintiffs to abate it who have slept so long upon their rights.

Yet notwithstanding this, the complaint still shows a cause of action. It shows that the defendants are building the dam to the height of eight feet, about twice the height at which it had previously been maintained. Certainly no one could claim that an acquiescence in the flowing of lands occasioned

by a dam four feet high, would bar the owner from objecting to an increased flowing to be caused by doubling the height of the dam.   The equitable bar extends no further than the acquiescence.

The dictates of the highest benevolence may require that if a man steals our coat, we should give him our cloak also.  But equity does not attempt to enforce so high a charity.   It allows the owner to retain his cloak, if he insists on it, although he has failed to prosecute for the coat.

The demurrer was properly overruled.   But the order for judgment must be modified so as to direct a judgment on the demurrer, restraining the defendants from erecting the dam to a height greater than that at which it had previously been maintained, with costs in favor of the appellants.

A motion for a rehearing having been granted, the cause was re-argued at the January term, 1865, by *A. Hyatt Smith*, one of the respondents, in person, and by *Bennett, Cassoday & Gibbs*, for the appellants, and was disposed of by the following opinion.

*By the Court*, DIXON, C. J.   When we granted the rehearing, it was our impression that the complaint showed that the dam was constructed in pursuance of the territorial act of April 1, 1843.   (Laws of 1843, p. 25.)   It was so stated in the printed argument in support of the motion, and not controverted in the arguments against it.   We did not examine the complaint critically, but granted the motion on that ground. But now, upon more particular examination, we find that the complaint contains no such averment.   In the absence of such averment we cannot assume *as matter of fact* that the dam was erected under the act of 1843, and that it has since been kept up under that and the amendatory acts of 1846 and 1855. Laws of 1846, p. 116; Local Laws of 1855, chap. 353.   If such be the fact, it can appear only by answer.   Hence the

questions raised and argued are not presented by the demurrer, and it was correctly overruled. The defendants should have answered, showing that the dam was constructed under the acts referred to, if such were the fact.

Still we think that the motion for a rehearing was properly granted, but for a somewhat different reason. Our former order directed a judgment on the demurrer, restraining the defendants from erecting the dam to a height greater than that to which it had previously been maintained. This, we think, was wrong, and that the order should have been that upon payment of the costs of demurrer and motion to that effect by the defendants, the judgment below be vacated, and the defendants have leave to answer. We think this should have been the order, because further investigation has satisfied us that the defense offered on the demurrer, and which the defendants no doubt supposed they could offer, but which we reject, is not altogether without merits. We doubt whether this action can be maintained; and in justification of our doubts may with propriety refer to the case of *Hustis v. Wood*, 17 Wis., 416, which seems decisive of the leading question argued here. We there held that the repeal of the general Mill Dam Law of 1840 did not affect the rights of the proprietors of a dam erected under a special act into which the provisions of the general law were incorporated by reference, and that a common law action for damages to lands flowed could not be maintained.

The demurrer must be overruled, with costs to the plaintiffs, and the cause remanded with directions that upon payment of all costs of demurrer, and application by the defendants within such reasonable time as the court below shall direct, the judgment be vacated, and the defendants have leave to answer.

Ordered accordingly.