## SIKA VS. THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

*Repeal of statutes.—Notice of examination of adverse party as a witness, where corporation a party.—*RAILROADS *: liability for cattle killed, in case of failure to maintain fences.—Defense, trespass of cattle owner.*

1. A statute which refers to and adopts the provisions of another statute, is not repealed by the subsequent repeal of such other statute.

2. Ch. 64, Laws of 1859, provides that in all actions wherein any corporation shall be a party, the adverse party may be examined as a witness in his own behalf, by giving the notice required by sec. 3, ch. 134, Laws of 1858 (R. S., p. 818). Said sec. 3, ch. 134, was repealed by ch. 116, Laws of 1864. *Held,* that the notice therein prescribed is still required in the cases provided for in said ch. 64.

3. Under the statute, a railway company is absolutely liable for all damages to cattle occasioned by its failure to erect and maintain fences as therein required. So held in a case where the plaintiff's cattle were placed in a close adjoining the railroad track, after the fence separating it from the track had been partially destroyed by fire.

4. It is no defense to an action against the railroad company in such a case, that the plaintiff had trespassed upon the defendant's track in driving his cattle to said close; such trespass not being connected with the subsequent acts by which they were killed.

APPEAL from the Circuit Court for *Jefferson* County.

Action for the negligent killing of plaintiff's cattle. Plaintiff was permitted to testify in his own behalf, against defendant's objection, no notice having been given of his intended examination. He lived east of the defendant's track, and pastured his cattle in a field west of it, from which, the evidence for plaintiff tended to show, they escaped upon the track, in consequence of the fence along it, built by defendant, having been burned down some nine days before. Plaintiff had constructed bars in said fence, and was in the habit of driving his cattle across and along the track for some distance, over defendant's land. Sometimes the cattle were permitted to graze along the track on defendant's land, watched by plaintiff's daughter. The defendant's track-master had notified plaintiff to keep the cattle off the track, and had several times nailed up the bars

above mentioned. The court instructed the jury, *inter alia*, that the plaintiff was a trespasser in driving his cattle upon and over the track; but if the cattle were not killed while being so driven, but in consequence of having escaped from plaintiff's close through defendant's negligence in failing to repair the fence, and the illegal conduct of plaintiff did not contribute to the escape, plaintiff was entitled to recover.

Verdict for plaintiff; motion for a new trial denied; and from a judgment on the verdict defendant appealed.

*Enos & Hall*, for appellant, as to error in the instructions, cited *Scott v. Shepherd*, 2 W. Black., 892; *Guille v. Swan*, 19 Johns., 381; *Vandenburg v. Truax*, 4 Denio, 465.

*D. F. Weymouth*, for respondent.

DIXON, C. J.   A statute which refers to and adopts the provisions of another statute, is not repealed by the subsequent repeal of the statute adopted. *Wood v. Hustis*, 17 Wis., 416; 19 Wis., 453. Chapter 64, Laws of 1859, adopted the notice required by section 3, of chap. 134, Laws of 1858 (R. S., p. 818). The repeal of section 3 by chapter 116, Laws of 1864, does not obviate the necessity of giving the notice prescribed by that section in the cases provided for in chapter 64.

No notice of the intended examination of the plaintiff as a witness in his own behalf was given, and his admission against the objection of the defendant was irregular. It is very probable that the omission to give the notice caused no injustice to the defendant; but a positive requirement of statute cannot be dispensed with for that reason. The proceedings are in this respect erroneous, and the judgment must be reversed.

The other objection urged by the defendant is, we think, wholly untenable. It is no bar to an action for a trepass or wrong done to the plaintiff, for the defendant to show that the plaintiff has himself been guilty of another trespass, or a distinct injury to the property or rights of the de-

fendant. It is no answer to this action for killing the cattle of the plaintiff, that the plaintiff had previously trespassed upon the lands of the defendant constituting the line of its road, by driving the same cattle upon or across the same. The cattle, once in the pasture of the plaintiff, were lawfully there; and the jury found, under instructions sufficiently favorable to the defendant, that the trespass of the plaintiff in driving them across the road had no connection with the subsequent acts by which they were killed. We do not well see how they could have found otherwise. The gist of the action is the neglect of the defendant to rebuild and maintain the fence along the line of its road, as required by law. The statute makes every railroad company absolutely liable for all damages to cattle or other domestic animals, occasioned by the failure to erect and maintain a fences as therein required. *Brown v. Mil. & Prairie du Chien Railway Co.*, *ante*, p. 39.

*By the Court.*—Judgment reversed, and a new trial awarded.