## ERNST VS. THE STEAMBOAT BROOKLYN.

*Suit against vessel: Plaintiff as witness—Notice of his examination.— Who may charge boat.*

1. In an action under ch. 150, R. S. ("for collection of demand against boats and vessels"), plaintiff cannot be a witness in his own behalf without having given notice of his intended examination, as prescribed by ch. 17, Laws of 1863.

2. Whether the steward of a steamboat is an agent within the meaning of ch. 150, so as to charge the boat with debts contracted by him for supplies of food used on board, is a question of fact depending on the general usage and authority of stewards in such cases.

3. If the steward was under contract to board the officers and crew for a price to be paid by the owners, and the person furnishing the supplies knew it, the boat would not be liable.

APPEAL from the Circuit Court for *Winnebago* County.

Action against a steamboat to recover for meat alleged to have been furnished at the request of an agent of the boat, and used by the officers, hands and passengers. It appeared on the trial that *The Brooklyn* was a freight boat, engaged in navigating Lake Winnebago and Fox River, and that the supplies in question were purchased by the steward. The plaintiff was admitted as a witness on his own behalf, against the objection of counsel for defendant. Some proof was given as to the custom of stewards on such boats to purchase supplies. The defendant offered proof that the steward agreed to furnish provisions and board the

officers and hands on the boat at a certain price per week, to be paid by the owners, and that the supplies were furnished to the steward while he was acting under that agreement. The evidence was excluded. Verdict and judgment for plaintiff; and defendant appealed.

*Gabe Bouck*, for appellant, argued, *inter alia*, that the court erred in admitting the evidence of the plaintiff below without notice.

*Felker & Weisbrod*, for respondent.

DIXON, C. J. Whether the steward of a steamboat is an agent thereof, within the meaning of sec. 1, chap. 150, so as to charge such boat with debts contracted by him for supplies of food furnished and used on board such boat, is altogether a question of fact, depending on the general usage and authority of stewards in such cases. If, by the general custom and usage of steamboats navigating the same waters, stewards are authorized to contract for such supplies and charge their boats, then the steward is such agent; otherwise, not—unless expressly made so by the owners of the boat. This is a question of fact for the jury, and the court was right in receiving and submitting evidence upon it to them.

If, however, it should be made to appear in such case that the person acting as steward was engaged under a special contract with the owners of the boat, by which he was to board the officers and crew at so much per week, and that the party furnishing the supplies knew of such contract, that would materially change the nature of the claim. The boat would not then be liable. The difficulty with the proof offered upon this point was, that it was not shown, nor proposed to be, that the plaintiff had any knowledge of such special contract. It was properly excluded.

The question of the competency of the plaintiff to be a witness in his own behalf, without having given notice of his intended examination, as prescribed by chap. 17, Laws of 1863, is ruled by the case of *Sika v. The Chicago and Northwestern Railway Co.*, 21 Wis., 370. He was incompetent; and for the error in receiving his testimony, the judgment must be reversed and a new trial awarded.

*By the Court.*—Ordered accordingly.