HOOKER v. GREENE and another.

*September 23 — October 12, 1880.*

PLEADING: ABATEMENT OF ACTION. *(1, 2) Rules as to pleas in bar and in abatement. (4) Immaterial issue.*
MILL-DAMS: STATUTES. *(3) Repeal, revival and amendment of general mill-dam act, made part of a special act.*

| 50 | 271 |
| 88 | 148 |
| 50 | 271 |
| 99 | 105 |
| 50 | 271 |
| 107 | 243 |

1. While the code allows defenses in abatement and bar to be pleaded in one answer *(Supervisors v. Van Stralen,* 45 Wis., 675), it does not permit *the same* defense to be pleaded in abatement and in bar *(Dutcher v. Dutcher,* 39 Wis., 651); and where that is done, the plea in abatement is a nullity.

2. In an action to recover damages for past injuries to plaintiff's land from a mill dam, and to fix the future height of the dam, etc., the complaint alleges that the mill stream is not navigable; and the answer, *after a general denial,* avers that the stream is navigable, and that the action is therefore improperly brought, and prays that it may be abated. *Held,* that the general denial puts in issue the averment that the stream is not navigable, and overrides the plea in abatement.

3. The act of 1848 " to authorize the construction of a dam across the Crawfish river," which applies to that dam the provisions of the general mill-dam act of 1840, is a public act; and, though the act of 1840 was repealed by the revision of 1849, its provisions survived as part of said act of 1848; and when it was revived in 1857, and afterwards amended from time to time, such amendments operated equally to amend its provisions adopted in the act of 1848.

4. The dam in question being equally subject to the provisions of the mill-dam act whether the stream is navigable or not, said defense in abatement tenders an immaterial issue.

Hooker v. Greene and another.

APPEAL from the Circuit Court for *Rock* County.

Action to recover damages for the flowing of plaintiff's land from defendants' mill dam, and to fix the height of the dam. The complaint is in the usual form in actions under the mill-dam law, and contains the averment that the stream on which the dam is situate is not navigable. The answer contains, 1. A general denial. 2. A second defense, consisting of an allegation that the stream in question is navigable, and a claim that the action is therefore improperly brought and should abate. 3. A separate defense alleging that the dam was built in 1848, pursuant to the grant and authority of the legislature, by one Norman Pratt, who then owned the premises whereon the dam is situated; and that the defendants are now the owners of the dam, deriving their title through mesne conveyances from said Pratt, and as such owners have maintained the dam during the three years prior to this action.[1]  4. Other defenses immaterial here.

The circuit court held the second defense to constitute a plea in abatement, and ordered the issue thereon to be first tried. It refused to permit the plaintiff to amend his complaint, before the trial of such issue, by adding to the description of the dam that the same was erected and has been maintained under and by virtue of an act of the legislature, passed August 18, 1848, entitled "an act to authorize the construction of a dam across the Crawfish river."

Upon the trial of the issue in abatement, it was proven that the river was navigable; that the dam in question was the only one ever built on the section named in the act of 1848; and that it was built in 1837. The court excluded evidence

[1] Sec. 1 of "an act to authorize the construction of a dam across the Crawfish river," approved August 18, 1848, empowers Norman Pratt and his associates and assigns to build and maintain a dam across said river in the county of Jefferson, on any land owned by them on section 4, town 7, range 14 east. Sec. 2 provides that the general law approved January 13, 1840, relating to "mills and mill dams," shall be applicable to any dam which may be constructed by virtue of this act.

of the facts alleged in the proposed amendment to the complaint, and all evidence upon the merits of the case not involved in the issue in abatement, and directed a verdict for the defendants upon that issue. Judgment abating the action was duly entered; and the plaintiff appealed therefrom.

For the appellant there were briefs by *Hall & Skinner*, with *Jenkins, Elliott & Winkler* of counsel, and oral argument by *Mr. Hall* and *D. S. Wegg:*

1. There was no issue in abatement for trial. By the answer it appeared that the dam was erected under a special charter which expressly adopted the general mill-dam law. This rendered the question of the navigability of the stream wholly immaterial. The plaintiff might avail himself of all affirmative allegations in the answer. *Sexton v. Rhames*, 13 Wis., 99; *Miller v. Larson*, 17 id., 624; *Prentiss v. Danaher*, 20 id., 311; *Dickson v. Cole*, 34 id., 621. See also *Hartwell v. Page*, 14 Wis., 49; *Orton v. Noonan*, 19 id., 350; *Williams v. Smith*, 22 id., 594. 2. The plea in abatement is bad upon its face. These pleas must be framed with accuracy and precision. They must be certain, not merely to a common intent, but to every intent; and they must give the plaintiff a better writ. 1 Chitty's Pl., 458. If the plea is one in abatement, it should show that the action cannot be maintained under the mill-dam law. It attempts to do this by alleging that the stream is navigable. But many dams upon navigable streams are governed by that law, and the plea is therefore wholly insufficient. Were the plaintiff, under the theory of having a better writ, to begin a common-law action, it must absolutely abate upon plea of the charter provision making the general law applicable. 3. The proposed amendment, though rendered unnecessary by the allegations in the answer, should have been allowed. The object was not to change the cause of action, but by additional averments to make clear the right to sustain the action brought. The refusal to allow the amendment was a plain abuse of discretion. *Tewksbury v. Bronson*,

48 Wis., 581. But the complaint is good independent of answer or amendment. *Geise v. Greene*, 49 Wis., 334. 4. This was the only dam ever built upon the Crawfish by Norman Pratt; and, the stream being navigable, the only act authorizing such construction is the charter of 1848, which adopts the general mill-dam law. Concede that the dam was built in 1837: the court will construe the act of 1848 to legalize a dam built by the person and in the place designated; especially as the act authorizes the maintenance as well as the construction of a dam at this particular place. Moreover the answer avers that this dam was built by Norman Pratt in 1848, under the act of the legislature. 5. It may admit of doubt whether the answer contains a plea in abatement. The navigability of the stream, if material, might be proven under the general issue. But, whether in abatement or bar, the plea presents no material issue for trial.

For the respondent there was a brief by *Hastings & Greene*, and oral argument by *William Ruger:*

1. The plea of abatement on its face is good in substance. Its success only defeats the special remedy under the general mill-dam law, leaving the plaintiff a remedy at common law. Such a plea is one in abatement. 1 Chitty's Pl., 446; *Seneca Road Co. v. Railroad Co.*, 5 Hill, 170; *Van Stralen v. Supervisors*, 45 Wis., 675, 677; *Dutcher v. Dutcher*, 39 Wis., 651, 660. To sustain the special action under the mill-dam law, it must be alleged and proved that the stream is not navigable. A complaint without such allegation is bad on demurrer. And when the stream is navigable, the only remedy is at common law, unless some special law makes the general law applicable to the particular dam. *Waller v. McConnell*, 19 Wis., 417; *Newton v. Allis*, 12 id., 378; *Crosby v. Smith*, 19 id., 449; *Newell v. Smith*, 15 id., 101. The court cannot take notice that some special act applies such remedy to the particular dam. For while the court may know judicially of the special act, it cannot know that the particular dam is the

one authorized or intended by such act. *Crosby v. Smith*, 19 Wis., 449. As it does not appear on the face of the plea or of the complaint that this action is authorized by any special act, the plea that the river is navigable is *prima facie* good. The plea being *prima facie* good, standing alone, is not affected by allegations in other separate defenses in the answer. (1) The defendant may set up inconsistent pleas in the same answer. One plea, therefore, cannot be aided or impaired by matter in any other plea in the same answer. Each separate and distinct defense must stand or fall by itself. *Willard v. Giles*, 24 Wis., 319; *Zeidler v. Johnson*, 38 id., 335; *Bruce v. Burr*, 67 N. Y., 237; *Curtis v. Moore*, 15 Wis., 134; *Catlin v. Pedrick*, 17 id., 88; *Sabin v. Austin*, 19 id., 421. Especially is this true of a plea in abatement, which at common law was pleaded separately and first, and the issue upon which is still to be tried separately. *Van Stralen v. Supervisors*, 45 Wis., 677. (2) The allegations found in the defenses in bar do not show the dam to have been built under the law of 1848. They refer to no act. (3) The proof is in the record, without objection, that the dam could not have been built under the act of 1848. It was built in 1837, and no new dam has ever been built there. The case of *Geise v. Greene*, 49 Wis., 334, does not control, because there it was assumed by counsel on both sides and by the court, that the dam there in question was erected under the act of 1848. The ruling in this case was expressly placed on the ground that the complaint failed to show, and that it in no legitimate way appeared, that the dam was the one authorized by that act. 2. The refusal of plaintiff's request to amend was not error. (1) It was addressed to the discretion of the court, and hence the ruling cannot be reversed unless there was an abuse of discretion. *Dehnel v. Komrow*, 37 Wis., 336; *Dennis v. Snell*, 50 Barb., 95; *Richtmeyer v. Remsen*, 38 N. Y., 206; *Bean v. Moore*, 2 Pin., 392; *Fowler v. Colton*, 1 id., 331; *M. & M. R. R. Co. v. Finney*, 10 Wis., 388. The plaintiff had been guilty of laches.

He had ample time to amend before the trial. (2) The amendment was unnecessary. The plea in abatement was not a counterclaim, and hence defendant could prove anything which wholly controverted or confessed and avoided the plea. R. S., sec. 2667. (3) Upon the trial of the issue in abatement, an amendment avoiding that issue was not proper. It could be made, if at all, only after the plea was disposed of. It is analogous to the case of a demurrer, upon the argument of which an amendment curing the defect would not be allowed. The demurrer must be disposed of; then, the statute provides, an amendment may be allowed.

RYAN, C. J. It is, perhaps, among the incongruities of the common law, that there are matters pleadable either in abatement or in bar. 1 Chitty, 466. Among these, probably, is the defense that the action is misconceived; though this is not usually so pleaded, as the defense is available under plea in bar. 1 Chitty, 453; Gould, 268. Such is the nature of the plea involved in this appeal. In order to bring the dam, which is the subject of the action, within the mill-dam act, the complaint avers that the stream on which it is built is not navigable. The second defense sets up that it is navigable; that the action is, therefore, improperly brought, and prays that it should be abated. Strictly, perhaps, this defense might be pleaded in abatement; but, because they are dilatory, great precision is required in framing pleas in abatement. They should be certain to every intent. 1 Chitty, 462. And pleading that this action is misconceived, the plea should, perhaps, give the plaintiff a better writ — that is, the action which should be brought; for, if no action would lie, the plea should be in bar. 1 Chitty, 446, 458; Stephen, 431. But it is unnecessary to determine the sufficiency of this defense, for it is unquestionably waived or overruled by the defenses in bar immediately preceding and succeeding it in the answer.

At the common law, pleading in bar waived all pleas in

abatement. Gould, 31. The Code, however, allows defenses in abatement and bar to be pleaded in one answer. *Supervisors v. Van Stralen*, 45 Wis., 675. But the Code does not permit the same defense to be pleaded in abatement and in bar. *Dutcher v. Dutcher*, 39 Wis., 651. And when the same matter is set up to abate the action and to bar it, by all analogies the plea in bar must override the plea in abatement. Dilatory pleas are not favored; and it would be out of all keeping to permit the defendant to tender for trial an issue in abatement, and, failing in that, to tender for trial in the same answer the self-same issue in bar. In that case the defense in bar must stand, and the defense in abatement be held a nullity. Here, the general denial of the first defense puts in issue the averment of the complaint that the stream is not navigable, and operates to override the same defense pleaded in abatement. A similar result is produced by the third defense, which pleads that the dam was built under the act of 1848, "to authorize the construction of a dam across the Crawfish river." For the purposes of the answer it must be assumed that the stream is navigable. Being so, the act of 1848 is a public act. *Att'y Gen. v. Eau Claire*, 37 Wis., 400; *Wis. R. I. Co. v. Manson*, 43 Wis., 255. It is, indeed, a public act upon its face, because it applies the provisions of the mill-dam act, itself a public statute, to the dam which it authorizes. And the court is bound to take judicial notice that it subjects the dam here in question to the mill-dam act.

For, though the mill-dam act of 1840 was repealed by the revision of 1849, yet its provisions survived as part of the act of 1848, authorizing this dam. *Wood v. Hustis*, 17 Wis., 416; *Crosby v. Smith*, 19 Wis., 449. And when the mill-dam act was revived, in 1857, and afterwards amended from time to time, the amendments of it operate equally to amend its provisions adopted in the act of 1848. And so it is immaterial whether the stream in question be navigable or not. In either case the dam in question is equally subject to the pro-

visions of the mill-dam act, and this action equally lies under that statute. The defense in abatement, therefore, tendered an immaterial issue.

The learned counsel for the respondent cites in support of the plea, *Willard v. Giles*, 24 Wis., 319, and *Bruce v. Burr*, 67 N. Y., 237, holding that inconsistent defenses may be set up in the same answer; but these decisions are founded upon that provision of the Code now found in section 2657, R. S., and this plainly has relation to defenses in bar only, "whether they be such as were formerly denominated legal or equitable, or both." This language appears to exclude dilatory pleas. Indeed, the Code seems to take no notice of dilatory pleas; and it is, perhaps, to be regretted that this court has held that they may be pleaded in one answer with defenses in bar. *Freeman v. Carpenter*, 17 Wis., 126. But dilatory pleas are not to be encouraged. And though, under the Code, pleading in bar does not necessarily waive defenses in abatement, yet a defendant ought not to be permitted to set up a defense in abatement, and in the same answer to contradict it by matter pleaded in bar.

At the common law any defense in bar waived any defense in abatement. It is too late to hold this under the Code. But it is not too late to hold that, by analogy to the common-law rule, a defense in bar overrules an inconsistent defense in abatement. This is sanctioned by the accepted simplicity of the Code, as well as by the severity of common-law rules towards dilatory pleas. It would be inconsistent with the rules of pleading, whether at the common law or under the Code, to permit a defendant to delay or postpone an action while he himself solemnly denies the truth of the premises on which he claims delay or postponement. The reasons for tolerating inconsistent defenses in bar, that a just defense on the merits may prevail, have no application to dilatory defenses. The pleader who interposes a plea of abatement in an answer, must see to it that his matter in abatement is consistent with

the rest of his answer; and, as a defense in abatement is waived by a defense of the same matter in bar, so a defense in bar overrules a defense in abatement inconsistent with it. In every view the judgment appealed from is founded on a mistrial, and cannot be permitted to stand.

*By the Court.*— The judgment is reversed, and the cause remanded to the court below for a *venire de novo*.

