[L. A. No. 8060.  In Bank.—May 18, 1926.]

CHESTER A. BELL, Appellant, v. ROSABELLE H. McDERMOTH, Special Administratrix, etc., Respondent.

[1] SUMMONS—ABSENCE OF PERSONAL SERVICE OF SUMMONS—APPLICATION TO SET ASIDE JUDGMENTS — TIME — SECTION 473, CODE OF CIVIL PROCEDURE.—An application to set aside a judgment against a defendant who had not been personally served with summons, made more than one year after the signing and filing of said judgment, is too late under the provisions of section 473 of the Code of Civil Procedure that "When from any cause the summons in an action has not been personally served on the defendant the court may allow, on such terms as may be just, such defendant, or his legal representative, at any time within one year after the rendition of any judgment in such action to answer to the merits of the original action."

[2] ID.—SIGNING AND FILING OF DECREE—RENDITION OF JUDGMENT.—The date of the signing and filing of the decree was the date of the rendition of the judgment.

[3] ID.—ORDER FOR PUBLICATION OF SUMMONS—AFFIDAVITS—JURISDICTION.—An order for the publication of summons was within the jurisdiction of the court, where it was based upon an affidavit of a competent witness to the effect that said witness, acting on behalf of plaintiff, called at defendant's local residence, im-

1.  See 14 Cal. Jur. 1062; 15 R. C. L. 693.

2.  See 14 Cal. Jur. 1068.

3.  Character of inquiry as to whereabouts of party necessary to sustain constructive service of process, note, 37 L. R. A. (N. S.) 206.  See, also, 21 R. C. L. 1296.

pliedly for the purpose of making service of summons in the action upon him, and had been then and there informed by the wife of said defendant that the latter was in Arizona and that his address there was unknown to her, and that if anyone desired to transact business with said defendant mail should be addressed to him at his local residence and that she, his wife, would forward the same to him when she ascertained his address; also upon an affidavit of plaintiff's attorney to the effect that after receiving the report to the effect that defendant was then in Arizona he addressed a letter to him, directing the same to his local residence and about two weeks later received a response to said letter, in the form of a letter from said defendant, dated "Arizona 5/10/22," which indicated that said defendant was in Arizona, though posted in the city where his local residence was; and also upon plaintiff's affidavit of merits wherein he deposed that personal service of summons could not be made upon said defendant for the reasons which appeared in the other affidavits.

[4] ID.—ABSENCE OF DEFENDANT FROM STATE—NECESSITY OF PLACING SUMMONS WITH SHERIFF.—If such defendant was in fact in Arizona, as shown by the affidavits presented by plaintiff, the placing of the summons with the sheriff or other process server would have been an idle and futile act, and a sufficient showing that the defendant could not with due diligence be found within this state would be embraced within the showing, if otherwise sufficient, that said defendant was absent from this state.

[5] ID.—RECITALS IN ORDER.—While the order for publication of the summons in the earlier recitals thereof recited as the basis for its issuance that it had been satisfactorily shown to the court that the defendant "cannot after due diligence be found within this state," and said recital did not truly represent the basis upon which said order of publication was sought, nevertheless whatever defect there may have been in such recital was cured by the later recital in the same order to the effect that said defendant was at the time of the issuance thereof "absent from the state of California."

[6] ID.—MOTION TO SET ASIDE DECREE—EVIDENCE.—Where the administratrix of such defendant's estate in seeking to have set aside the decree tendered no showing whatever that at the time of the making of the order for publication of summons and at the time of making of the showing upon which said order was based, the then existing defendant was not in fact and at all said times and up to the time of the rendition of the said decree absent from this state and beyond the reach of personal service of the process of the court, but sought to set aside said decree only

4.  See 21 Cal. Jur. 510.
5.  See 21 Cal. Jur. 508.

upon the technical objection to the sufficiency of the showing made by the plaintiff as the basis for the issuance of the order of publication, said defendant's representative did not present a sufficient showing to justify the trial court in making an order setting aside the decree, and said representative's motion for said order to set aside the decree not having been made within one year after the rendition of said decree, and not being sufficiently supported by a showing that said decree was void upon the face thereof, should have been denied.

(1) 34 **C. J.**, p. 258, n. 99.   (2) 34 **C. J.**, p. 70, n. 30.   (3) 33 **C. J.**, p. 1195, n. 53.   (4) 32 **Cyc.**, p. 470, n. 52.   (5) 32 **Cyc.**, p. 481, n. 54.   (6) 34 **C. J.**, p. 270, n. 63.

APPEAL from an order of the Superior Court of Los Angeles County setting aside judgment. C. W. Guerin, Judge. Reversed.

The facts are stated in the opinion of the court.

Emmet H. Wilson for Appellant.

J. Everett Brown for Respondent.

RICHARDS, J.—This appeal is by the plaintiff from an order of the trial court, made upon motion of the defendant, setting aside its judgment theretofore entered in an action to quiet title and permitting the said defendant to appear and answer in said action. The original complaint was filed on April 5, 1922, and is in the usual form of an action to quiet title. The defendant named in said action was one J. F. Jack, who has since died and of whose estate the present defendant is special administratrix. On July 26, 1922, the judge of the court in which said action was pending made an order for the publication of summons therein, which order was based upon certain affidavits presented by the plaintiff as a basis for his application for said order. Thereafter the said summons was published in accordance with the terms of said order, and thereafter and upon a proper showing of the fact of said publication and mailing conformable to the terms of said order, and after the time had expired for the appearance of said defendant, a decree quieting title was signed and filed by the judge of the trial court. The date of the signing and filing of said decree was

December 27, 1922. Said decree, however, was not entered by the clerk of said court until January 4, 1923. On December 31, 1923, the present defendant, having in the meantime been appointed special administratrix of the estate of J. F. Jack, deceased, filed her notice of motion to set aside said decree upon the several grounds set forth therein, and said motion coming on to be heard on January 10, 1924, was granted by the trial court and the proffered answer of said defendant was permitted to be filed. The plaintiff appeals from said order and upon said appeal sets forth certain reasons why the same should be reversed.

[1] The first contention made by the appellant is that since the application of the defendant for said order appears to have been made upon a date more than one year after the rendition of said decree, the trial court had no longer jurisdiction to entertain the same under the provisions of section 473 of the Code of Civil Procedure. The provisions of said code relating to the time within which such an application must, under its terms, be made reads as follows: "When from any cause the summons in an action has not been personally served on the defendant the court may allow, on such terms as may be just, such defendant, or his legal representative, at any time within one year after the rendition of any judgment in such action to answer to the merits of the original action." [2] The decree in the instant case was signed by the trial judge and filed with the clerk of said court on December 27, 1922. That date, under the authorities, was the date of the rendition of said judgment. (*Gray* v. *Palmer,* 28 Cal. 416; *Peck* v. *Courtis,* 31 Cal. 207; *Genella* v. *Relyea,* 32 Cal. 159; *Wetherbee* v. *Dunn,* 36 Cal. 249.)

The date of the filing of defendant's motion to set aside such decree being December 31, 1923, it was, therefore, presented more than one year after the rendition of said decree. Respondent in answer to this objection, however, contends that her motion to set aside said decree was not made under section 473 of the Code of Civil Procedure, but was made generally upon the ground that said decree was void upon its face, and being made upon said ground, was not required to be made within the period provided by said section of the Code of Civil Procedure. We are thus brought to a consideration of the question as to whether

the decree in question was or was not void upon its face. An examination of the decree will serve to show that, strictly speaking, it was entirely regular upon its face, since its recitals showed that the original defendant, J. F. Jack, had been duly and regularly served with process and had failed to appear and answer the complaint on file within the time required by law. Prior to the year 1895, wherein subdivision 1 of section 670 of the Code of Civil Procedure was amended so as to include within the judgment-roll the affidavits and other documents upon which an order for the publication of summons was predicated, it could not be questioned that the decree herein containing the foregoing recitals was valid upon the face thereof. Since said amendment, however, it would seem to have been held that recourse may be had to the judgment-roll and the contents thereof for the purpose of determining whether a decree, apparently valid upon the face thereof but predicated upon a prior substituted service, is sufficiently supported by the showing made as a basis for the order of the court providing for the publication of the summons in such a proceeding. The decision in this case is thus made to turn, at the last analysis, on the question as to whether the trial court making its order for the publication of summons had acquired jurisdiction to make the same by virtue of the showing which the plaintiff presented as a basis for such order. [3] The respondent herein contends that such showing was entirely inadequate and hence that the said order of the trial court directing the publication of summons as against the then living defendant was utterly void. We are unable to agree with that contention. The showing which the plaintiff presented upon his application for said order of publication was substantially as follows: He presented the affidavit of a competent witness to the effect that the affiant, acting on behalf of the plaintiff, having ascertained that the residence of the defendant, J. F. Jack, was at No. 992 S. Serrano Avenue, in the city of Los Angeles, had called at said residence seeking said defendant, impliedly for the purpose of making personal service of the summons in said action upon him and had been then and there informed by the wife of said defendant that the latter was in Arizona and that his address there was unknown to her, and that if anyone desired to transact business with said defendant mail should be ad-

dressed to him at his said designated residence and that she, his wife, would forward the same to him when she ascertained his address. There was also filed the affidavit of the plaintiff's attorney to the effect that after receiving the report from the former affiant to the effect that the defendant was then in Arizona he addressed a letter to him, directing the same to his Los Angeles residence, and about two weeks later received a response to said letter, in the form of a letter from said defendant, dated "Arizona 5/10/22," which letter, however, appeared from the postmark thereon to have been posted at Los Angeles. The contents of said letter indicated that the said defendant was in Arizona. The plaintiff also filed an affidavit of merits wherein he deposed that personal service of summons could not be made upon the said defendant for the reasons which appeared in the affidavit aforesaid. The order for publication of summons was predicated upon the foregoing showing. It was recited in said order "that the defendant J. F. Jack cannot after due diligence be found within this state," but it also contained the recital "that the said defendant is absent from the state of California and that his address outside of the state cannot be ascertained." It was, therefore, ordered that said summons be published for the time required by law and that a copy thereof be mailed to the defendant at his said place of residence in Los Angeles. It would thus appear that the trial court had as a basis for its said order some substantial showing that the defendant, Jack, was at the time said order was sought absent from the state of California, and hence beyond the jurisdiction of said court for the purpose of a personal service upon him of the summons in said action. It is true that said showing is slight and it is also true that it is predicated in the main upon the information and belief of the affiant who interviewed the wife of said defendant and was informed by her that the said defendant was absent from the state. This showing, however, is supported in some degree by the affidavit of plaintiff's attorney to the effect that he received from said defendant shortly after the foregoing information was imparted to him a letter which indicated that it had been written by the defendant in Arizona, though posted in Los Angeles, but by whom posted did not appear. It is argued by the respondent that this showing should have been sup-

ported by a further showing that said summons had been placed with the sheriff or other process server for personal service upon the defendant in this state and that said defendant could not, after due diligence, be found therein. [4] But it is clear that if said defendant was in fact in Arizona, as shown by the foregoing inquiry as to his whereabouts, the placing of said summons with the sheriff or other process server would have been an idle and futile act, and that a sufficient showing that the defendant could not with due diligence be found within the state of California would be embraced within the showing, if otherwise sufficient, that the said defendant was absent from the state. We are, therefore, of the opinion that a sufficient predicate was laid by the plaintiff for the issuance by the court of its order for the publication of summons. [5] It is true that said order in the earlier recitals thereof recited as the basis for its issuance that it had been satisfactorily shown to the court that the defendant, Jack, "cannot after due diligence be found within this state," and that the said recital did not truly represent the basis upon which said order of publication was sought; but whatever defect there may have been in this recital was, we think, cured by the later recital in the same order to the effect that the said defendant was at the time of the issuance thereof "absent from the state of California." The sufficiency of the showing as to the proper publication of said summons and as to the mailing thereof as required by law and by the terms of said order was not questioned by the substituted defendant moving to set aside said order and the decree predicated thereon, and it follows that unless we should treat the showing made as a predicate for said order of publication as being wholly inadequate and said order for that reason being wholly void, we must, under the authorities above cited, reverse the order of the trial court setting aside its said decree. [6] It is to be noted that said defendant in seeking to have set aside said decree tendered no showing whatever that at the time of the making of the order for publication of summons and at the time of the making of the showing upon which said order was based, the then existing defendant was not in fact and at all said times and up to the time of the rendition of the said decree absent from the state of California and beyond

the reach of personal service of the process of said court. The showing of the said respondent upon her motion to set aside said decree being thus wholly based upon her technical objection to the sufficiency of the showing made by the plaintiff as the basis for the issuance of the order of publication, we incline to the opinion that the said respondent did not present a sufficient showing to justify the trial court in making the order appealed from herein, and that the respondent's motion for said order not having been made within one year after the rendition of said decree, and not being sufficiently supported by a showing that said decree was void upon the face thereof, should have been denied.

It follows that the said order of the trial court granting said motion should be, and the same is hereby, reversed.

Seawall, J., Shenk, J., Curtis, J., Waste, C. J., Lawlor, J., and Lennon, J., concurred.