STATE EX REL. HAHN ET AL., RELATRICES, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 6,411.)

(Submitted October 15, 1928. Decided December 14, 1928.)

[272 Pac. 525.]

Messrs. *Binnard & Rodger* and *Mr. John A. Shelton,* for Relatrices, submitted an original and a reply brief; *Mr. Shelton* argued the cause orally.

*Mr. Earle N. Genzberger, Mr. Alexander Levinski* and *Mr. Henry C. Levinski,* for Respondents, submitted a brief; *Mr. Genzberger* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This is an original proceeding in certiorari to review the action of the district court of Silver Bow county and Jeremiah J. Lynch, one of its judges, in vacating a default and a judgment entered after default in a probate proceeding.

From the record before us the following facts clearly appear: On March 15, 1926, the relatrices herein, Martha Hahn and Judith Green, as heirs at law of Louis Bernheim, deceased, filed in the above-named district court a petition to have the question of heirship in the Bernheim estate determined, and, as plaintiffs, commenced an action to have the probate of the will of Louis Bernheim, theretofore granted, revoked and the instrument admitted to probate declared void.

On the petition filed, notice, requiring all persons claiming an interest in the estate mentioned, whether named or unnamed, to appear and assert their claims on or before May 17, 1926, was duly published in the manner of publication of summons in a civil action. The petition purported to name all heirs at law of Louis Bernheim, and those named entered their appearance and set up their claims in response to the

notice, and issue was joined in the action to contest the will; the two matters were thereafter heard jointly before the court sitting without a jury, which hearing resulted in a judgment declaring all dispositive provisions of the will invalid and declaring that the entire estate is to be distributed according to the laws of succession, and therein fixing the proportion of the estate to be distributed to each of the persons found therein to be an heir at law of Louis Bernheim. This judgment was entered April 22, 1927, and, in due time, appeals were perfected therefrom and the matter was presented to this court, with the result that the judgment was modified by decision promulgated April 5, 1928. (*In re Bernheim's Estate,* 82 Mont. 198, 266 Pac. 378.)

Remittitur from this court was filed in the district court on April 18, 1928, which remittitur required the district court to modify its judgment in accordance with the opinion of this court, and, as modified, to make the same its judgment in the cause, and commanding that "such further proceedings be had in the cause as, according to right and justice, and the laws of the State of Montana ought to be had, not inconsistent with the opinion hereto attached." Pursuant thereto the district court entered its modified judgment on April 18, 1928. There has been no distribution of the estate, and no further proceedings have been had, except as next noted.

On April 11, 1928, Ida Marie Levitan and Rosa Rosenstein, residents of Libau, Latvia (Russia), filed in the district court in which the matter of the estate of Louis Bernheim was pending, a written motion praying the court to set aside the default entered against all unnamed persons not appearing in the heirship matter, and the judgment of April 22, 1927, as to them and to permit them to answer therein. This motion was supported by an affidavit, and was accompanied by a tendered answer, in which it is alleged that the movants are sisters of Louis Bernheim, deceased, and entitled to share in the distribution of his estate; that in the petition to

prove heirship, Ida Marie Levitan, under the name of Mary Bernheim, is alleged to have died in the year 1915 and Rosa Rosenstein is not mentioned at all; that they did not learn of the death of Louis Bernheim until some time in the summer of 1927, after the entry of the judgment of April 22; and that they acted with all due diligence thereafter in bringing their claims to the attention of the court.

Notice of this motion and the time of hearing thereon was served upon all parties to the heirship preceeding, and certain of the Bernheim heirs made timely objection to the granting of the motion. After the entry of the modified judgment, movants filed a supplementary motion of date April 26, 1928, in order to render the motion applicable to the modified judgment, to which the appearing heirs filed a supplemental "answer."

A hearing was had on the motion in May, and the matter taken under advisement by the court, and thereafter on September 5, 1928, the court granted the motion *in toto,* but on condition that the movants pay to Martha Hahn and Judith Green the sum of $600 and to certain other heirs the sum of $300 "as and for attorneys' fees" within thirty days. Within the time specified, the movants complied with the terms imposed so far as the other heirs are concerned, and tendered to Martha Hahn and Judith Green the sum of $600, which tender was refused, and thereupon they, as relatrices herein, secured the issuance from this court of a writ of review directed to the district court and the judge thereof, who made the order of September 5, 1928, made returnable October 15, 1928. On the return day respondents appeared by counsel for Levitan and Rosenstein and moved to quash the writ on the grounds that the petition therefor did not state facts sufficient to entitle relatrices to the relief sought, and lack of jurisdiction in this court to issue the writ, but they nevertheless made the required return in order that the matter might be fully submitted at that time, and, after argu-

ment, the matter was duly submitted for our final determination, both upon the motion to quash and upon the merits.

1. Counsel for respondents first urge, in support of their motion to quash the writ, that the application for the writ does not show what interest, if any, the relatrices have in the proceeding, and is therefore insufficient.

Although the Code makes no provision for a motion to quash a writ of certiorari on the ground of the insufficiency of the application, the motion is, a proper method of testing the sufficiency of the pleading. (*State ex rel. Examining & Trial Board* v. *Jackson*, 58 Mont. 90, 190 Pac. 295.)

It is true that the formal petition does not allege that relatrices are heirs at law of Louis Bernheim, and thus show that they are beneficially interested in setting aside the order of September 5, 1928, but attached thereto and made a part of the application are the judgment of respondent court declaring the interests of these relatrices as heirs at law of Bernheim, and answer of Levitan and Rosenstein, verified by counsel appearing herein for respondents, in which it is alleged that these relatrices are such heirs. We deem the showing thus made in the application sufficient to withstand this technical objection raised by respondents with full knowledge of the interests of relatrices.

2. As to the jurisdiction of this court to grant the writ, there are three indispensable requisites: (1) Excess of jurisdiction in the court making the order complained of; (2) absence of the right of appeal; and (3) lack of any plain, speedy, and adequate remedy other than certiorari. (Sec. 9837, Rev. Codes 1921; *State ex rel. Whiteside* v. *District Court*, 24 Mont. 539, 63 Pac. 395.) The absence of any one of these requisites will defeat the writ. (*State ex rel. Deck* v. *District Court*, 64 Mont. 110, 207 Pac. 1004.)

It is not contended that relatrices have any plain, speedy and adequate remedy other than certiorari, and we will assume that they have not.

Counsel for respondents contend that relatrices have the right of appeal from the order of which complaint is made.

The writ of certiorari is peculiarly inapplicable to use in aid of appellate jurisdiction, and can never be lawfully issued in cases where error may be reached by appeal. (*In re Mac-Knight*, 11 Mont. 126, 28 Am. St. Rep. 451, 27 Pac. 336), and, if an appeal lies from an order, the fact that the trial court exceeded its authority in making the order will not justify the issuance of this writ. (*State ex rel. Gates* v. *District Court*, 69 Mont. 322, 221 Pac. 543.)

In civil actions wherein district courts have attempted to relieve a party from default entered, this court has held certiorari will reach the error and correct it, where the court, without authority, strikes the entry of default from the files, no judgment having been entered, as all three of the requisites above mentioned are met (*State ex rel. Smotherman* v. *District Court*, 50 Mont. 119, 145 Pac. 724); and, where the court acts within jurisdiction in granting relief and no judgment has been entered, the order relieving a party from default may be reviewed on writ of supervisory control (*State ex rel. Kolbow* v. *District Court*, 38 Mont. 415, 100 Pac. 207); but, when the order granting such relief is made after judgment entered, the error cannot be reached by writ of certiorari, even though the court has exceeded its jurisdiction, for an appeal lies from the order as a "special order made after final judgment" under subdivision 2 of section 9731, Revised Codes of 1921. (*State ex rel. Deck* v. *District Court*, above.)

Counsel for respondents assert that the decisions announcing this last rule are controlling and compel the quashing of the writ here.

Section 9731, above, is within that part of the Codes dealing with civil actions, from section 9008 to section 9833, while sections 10018 to 10464 thereof deal with probate proceedings; nevertheless section 10366 provides that "the provisions of sections 9008 to 9832 of this Code, relative

to new trials and appeals—except in so far as they are inconsistent with the provisions of sections 10018 to 10464—apply to the proceedings mentioned in the sections last enumerated''; thus section 9731, granting the right of appeal in the instances therein mentioned, is made applicable to probate proceedings, but that section enumerates within itself the judgments and orders made in probate proceedings from which an appeal may be taken, as the section divides appealable judgments and orders into three distinct classes, viz.: (1) All final judgments; (2) among others, orders granting new trials and ''any special order after final judgment''; (3) judgments and orders made in probate proceedings. Thus we have, outside of the provisions contained within that part of the Code relating to probate proceedings and embraced within sections 10018 to 10464, explicit provision as to what judgments and orders made in probate proceedings are appealable, and, as to those specific provisions, the rule, *expressio unius est exclusio alterius,* applies.

California has the identical provisions on this subject, and the supreme court of that state has uniformly held that, under such provisions, an appeal will not lie in a probate proceeding from an order, as an ''order after final judgment'' under subdivision 2 of such a statute as our section 9731. The following reason is given for this holding:

''If the term 'final judgment' as used in the first subdivision of section 963 [Code Civ. Proc. Cal.] applies to 'a judgment or order admitting or refusing to admit a will to probate,' then an appeal would lie to this court therefrom, under the first subdivision, and the provision in the third subdivision would be surplusage. We think the term 'final judgment' as used in the section under consideration applies only to those judgments known at common law as final judgments, and that as to the statutory determinations termed 'orders and judgments' defined in the third subdivision, the term 'final judgment' does not apply; hence the right to appeal

is expressly given from certain of such 'orders or judgments.'

"As they are not final judgments, special orders made subsequent to their entry are not appealable, for the right to appeal from the special orders is only given in case of those made after final judgment." (See Ross' Probate Law and Practice, 901.)

After citing several of the California cases, this court, said: "These cases furnish support for the rule, which seems entirely reasonable, that appeals from judgments or orders in probate proceedings are allowed only under the provisions of subdivision 3, except in the single case of an order granting * * * a new trial, which may be taken under subdivision 2, as provided by section 2921 [now 10366]." (*Tuohy's Estate*, 23 Mont. 305, 58 Pac. 722.)

While we are not here concerned with the exception noted in favor of an order granting a new trial, lest the rule announced should appear illogical, we quote the reason given for the exception by the supreme court of California, viz., that originally, while jurisdiction in probate matters was vested in a probate court, the Codes provided for appeals from that court from various judgments and orders, the eighth subdivision of the statute (Cal. Code Civ. Proc. 1872, sec. 969) being "from an order granting or overruling a motion for a new trial," and when in 1880 the legislature (Cal. Code Amdts. 1880, p. 14), in order to adapt the provisions of the Code to the Constitution which had given that jurisdiction to the superior court, repealed the original section on the subject and added subdivision 3 to the statute on appeals in civil actions (Cal. Code Civ. Proc., sec. 963), it embraced therein all of the classes of judgments and orders from which an appeal could be taken under the original section, except the provision quoted, and therefore the provision for such appeals contained in subdivision 2 of the section, embraces all such orders, whether made in probate proceedings or civil actions.

We neither approve nor disapprove of this reasoning, as no holding on this subject is here necessary. However this may be, under the decision in *Tuohy's Estate,* there was no appeal from the order of which complaint is here made, and therefore, if the respondent court acted in excess of jurisdiction, the error committed may be corrected in this proceeding.

3. As to the authority of the respondent to make the order challenged: The default of all persons, named or unnamed, was entered, and the judgment in favor of the appearing heirs was rendered in a probate proceeding instituted pursuant to sections 10324, 10325 and 10326, Revised Codes of 1921, and was therefore before a court sitting in probate and having only the powers expressly granted by statute or such additional powers as are necessarily implied from those expressly granted. (*In re Stinger's Estate,* 61 Mont. 173, 201 Pac. 693.)

Looking, then, to the statutes, we find that the provisions dealing with practice and procedure in civil actions embraced in sections 9008–9832, both inclusive, are expressly made applicable to probate proceedings, except as otherwise provided in that part of the Code dealing with probate proceedings. (Sec. 10365, Rev. Codes 1921.) Section 9187, being within the provisions thus made applicable to probate proceedings, authorizes a district court, upon such terms as may be just, (a) to "relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application therefor be made within reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. (b) When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."

It is conceded that the first provision, designated (a) for convenience, is applicable to the proceedings had in the district court, but, if the order challenged was made under that authority, the court lost jurisdiction to make the order by the lapse of more than six months before the motion to vacate was made, whether that time began to run from the entry of default or the entry of the judgment. (*State ex rel. Happel* v. *District Court,* 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.) 1098, 99 Pac. 291.)

Counsel for relatrices insist that clause (b) of the above-quoted powers of a district court cannot be applied in a probate proceeding, because the court is authorized to act only when the *"summons in an action"* has not been personally served, and within one year after "the rendition of the judgment *in such action,"* whereas here jurisdiction was originally secured by service of a "notice," not a "summons," and there was rendered a judgment in a proceeding, not in an action. In support of this position, counsel rely upon *In re Spriggs' Estate,* 68 Mont. 92, 216 Pac. 1108, wherein it is held that while partaking in form of the nature of a civil action, proceedings to determine heirship are not such and therefore section 9872, Revised Codes 1921, dealing expressly with civil actions, is not applicable.

If the conclusion of the court in this matter had been reached on a consideration of the wording of the statute referred to, counsel would be correct in declaring that, if section 9872 is not applicable, clause (b) of section 9187 is likewise inapplicable, but counsel overlook the fact that section 10365, above, expressly makes section 9187 applicable, and does not do so as to section 9872, and that the decision in the matter of *Spriggs' Estate* is based squarely upon the declaration that "section 10365 * * * expressly makes the provisions of sections 9008 to 9832 * * * applicable, and therefore must be held to exclude the practice contemplated by section 9872." Our statutes and the proceedings under them are to be liberally construed with a view

to effect their objects and to promote justice. (Sec. 4, Rev. Codes 1921.)

The manifest intention of the legislature in enacting section 10365, above, was to render the rules of practice in civil actions applicable to probate proceedings, and that body cannot be presumed to have limited the adoption of such rules to those sections in which apt phraseology should be found, but, if the substance of a statute to which reference is made is found to be applicable, there is no insurmountable difficulty encountered by reason of the inaptness of phraseology.

The rule is that, where one statute refers to another for the power given by the former, the statute referred to is to be considered as incorporated in the one making the reference (*Nunes* v. *Wellisch*, 75 Ky. (12 Bush) 363; *Sika* v. *Chicago etc. R. R.*, 21 Wis. 370; *Turney* v. *Wilton*, 36 Ill. 385; *Spring Valley Water Works* v. *San Francisco*, 22 Cal. 434), and, when the intention of the legislature can be ascertained from the statute, words may be modified, altered or supplied so as to compel conformity of the statute to that intention (2 Lewis' Sutherland, Statutory Construction, 2d ed., 663).

Under the above sound rules, in applying clause (b) to the practice in heirship proceedings, it may be construed to read that, ''when from any cause the notice required by section 10324 has not been personally served upon any person interested in the estate, the court may allow, on such terms as may be just, such person, at any time within one year from the rendition of the judgment determining heirship, to answer to the merits of the proceeding so instituted.'' So read, the statute in question is applicable, and such construction carries out the manifest intention of the legislature that, so far as practice is concerned, the rules in civil actions and probate proceedings shall be the same.

In the brief of relatrices, it is asserted that the conclusion that clause (b) does not apply necessarily follows from what is said in *State ex rel. Kolbow* v. *District Court*, above, and,

on the other hand, that decision is relied upon by respondents in support of the order made; but that decision cannot be said to support a holding the one way or the other on this subject, although it is authority for the position that section 9187 is applicable to probate proceedings in so far as that section is discussed in the decision. In that case the controlling facts, except as to time and the entry of judgment, are similar to those in the instant case. There the default of all persons not appearing in response to a published notice in an heirship proceeding was entered September 26, 1906, and on October 3, 1908, certain German heirs moved to set aside the default. By affidavit they showed to the court that they did not learn of the death of decedent until after default had been entered, and that they then employed all due diligence in getting their claims before the court, and further showed that they were heirs at law of decedent. The trial court overruled the motion, but, on writ of supervisory control, this court quoted that portion of the statute, now section 9187, which grants the court power to relieve a party from "a judgment, order, or other proceeding" without reference to the proviso regarding time, immediately following the quoted portion of the statute, and said that the facts shown "are all that are necessary to be made to appear" to entitle the movant to the relief, and thereupon directed the district court to set aside its order and vacate the default.

The quoted portion of the statute is taken from what we have designated "clause (a)," and, as no judgment had been entered in the heirship proceeding under consideration, perhaps that clause alone would be applicable, but that clause grants no authority to open a default after the expiration of six months; it expressly declares to the contrary, and the trial court was without jurisdiction to act. (*Green* v. *Wiederhold*, 56 Mont. 237, 181 Pac. 981.) Further, there is no justification for the decision on the theory that the court did apply clause (b), as the record shows that, not only had the six months' period elapsed before the motion was made, but

that more than a year had gone by. The court evidently entirely overlooked the provisions, contained in the statute before it, specifying the limit of time within which such applications may be made, and considered only the provision requiring that it be made within a "reasonable time." In so far as it intimates that a party may be relieved from an order or judgment after the expiration of the time fixed by the statute, on a showing merely of "due diligence," the decision in the Kolbow proceeding is expressly overruled.

Under clause (a), the authority of the court is granted both as to orders and judgments, and, to have both a default and a judgment entered thereon set aside, a showing must be made as to mistake, or the like, as to each; they do not presumptively involve a determination of the same facts. (*Thompson* v. *Alford,* 128 Cal. 227, 60 Pac. 686.)

In *Smith* v. *McCormick,* 52 Mont. 324. 157 Pac. 1010, this rule is recognized, and, dealing only with a motion to set aside a default, although judgment had been entered thereon, this court said that, "upon the expiration of six months from the entry of default, the authority of the court over it ceased."

Counsel for relatrices insist that the holding is that, in all cases, the period begins to run from the entry of default; they cite decisions from other states to support their position, among them *Commonwealth Trust Co. of Pittsburgh* v. *Lorain,* 43 Idaho, 784, 255 Pac. 909, citing *Smith* v. *McCormick,* above, among other decisions, in support of the declaration that, under such a provision as that found in clause (a), the time begins to run with the entry of default, and that, after the expiration of the specified time, the setting aside of a judgment, with the default still standing, would be a "vain thing," and therefore the period elapsing after default alone is to be considered. This may be, and probably is, the correct rule to be applied to a motion made under the provisions of clause (a) of the section, providing, as it does, for relief from both the judgment rendered and the order declaring the default of the defendant where both of

these steps have been taken in a given case; but clause (b) does not expressly authorize the court to set aside either the judgment or default, but only to permit a defendant in the situation therein described, to ''answer to the merits of the original action.'' Merely to permit an answer to be filed in an action which had already been closed by the entry of judgment, and to leave the judgment and the default of such answering defendant to stand, would indeed be the doing of a ''vain thing,'' but that, under the letter of the statute, is all that the court is authorized to do. However, a court is vested, not only with the powers expressly granted by statute, but also with all such powers as are incidentally necessary to the effective exercise of the powers expressly conferred (*In re McLure's Estate,* 68 Mont. 556, 220 Pac. 527) and to render its orders, made under such express powers, effective. (*Brown* v. *Clark,* 102 Tex. 323, 24 L. R. A. (n. s.) 670, 116 S. W. 360.) Therefore, when a case is presented which warrants a court in permitting an answer to be filed pursuant to the authority granted by clause (b) above, in order to give effect to the order permitting such filing, the court may clear the way for a trial on the merits, in conformity with the issues joined by the answer to the complaint, by setting aside the judgment and the default on which it is based; but, as this portion of the statute is directed only to the filing of the answer and the statute plainly declares that such action may be taken within one year after the rendition of the judgment, the time begins to run from the date of such rendition, the only milestone fixed for the guidance of the court in determining jurisdiction over the subject matter of the motion made.

In California, under an identical provision, it is held that the time begins to run from the making and filing of the judgment, which constitutes its rendition (*Bell* v. *McDermoth,* 198 Cal. 594, 246 Pac. 805), and that the limitation applies to the time of the making of the motion and not to when it is heard (*Wolff* v. *Canadian Pac. Ry. Co.,* 89 Cal. 332, 26 Pac.

825; *People* v. *Thomas* 101 Cal. 571, 36 Pac. 9), and with this holding we agree.

As the motion in the instant case was made within one year after rendition of judgment, and as there is nothing in the provisions contained in sections 10018 to 10464, Revised Codes 1921, either providing for such relief or conflicting with the provisions of clause (b), the court was authorized to permit the movants to answer in the heirship proceeding, and, to make such order effective, to set aside the default as to them and open that proceeding for the taking of further testimony on this subject. The showing made complies with the requirements laid down in *Skinner* v. *Carlysle Oil Co.*, 80 Mont. 464, 260 Pac. 1038, to induce action under clause (b).

4. Relatrices, however, contend that, even though clause (b) ▮▮ is bound to be applicable to this proceeding, the trial court lost jurisdiction to make the order on the rendition of the decision on appeal, April 6, 1928, or five days before the motion was made. In considering this contention it must be remembered that the action or proceeding in which the original judgment was entered, was of a dual nature: First, as heirs, Martha Hahn and Judith Green sought by petition to have the court declare who were the heirs at law of Louis Bernheim; and, second, as plaintiffs, they proceeded, by the filing of a complaint, to attack the will of Louis Bernheim. (*In re Bernheim's Estate,* above.)

Whether, sitting in probate, the court had jurisdiction to hear the second phase of the proceeding, or whether it was then exercising its equitable powers as a district court proper, we are not now called upon to determine. (*Chadwick* v. *Chadwick,* 6 Mont. 566, 13 Pac. 385.) In either case it was, in rendering judgment, passing upon two distinct matters and rendering, in effect, two distinct judgments—as to the judgment determining heirship all parties were satisfied; there was no aggrieved party to take an appeal from that portion of the judgment; the appeal was from the judgment

affecting the dispositive provisions of the will, and therein no question was raised or determined as to the judgment determining heirship. It is too well settled to require the citation of authorities that, on appeal, this court does not consider questions not raised, and the decision rendered in a given case decides only those questions properly before the court on appeal; therefore the judgment determining heirship stood, on April 11, 1928, as though no appeal had been taken, and the time specified in the second clause of section 9187 had not expired. Whatever the general rule as to the destruction of the jurisdiction of the lower court by decision on appeal, it is inapplicable to this proceeding; the motion was timely.

Relatrices complain that the order made wipes out the modified judgment entered by direction of this court, but in this counsel are mistaken. As pointed out above, the judgment of the trial court was dual, and the opening of the proceedings in the district court applies only to the heirship proceeding. Upon whatever further proceedings are had in the matter, issue will be joined and testimony introduced only with reference to the issue tendered by the answer of movants as to whether or not they are heirs at law of Louis Bernheim and entitled to share in the future distribution of the estate under the modified judgment entered pursuant to the direction of this court.

As the trial court was acting within jurisdiction, the writ in question must be quashed, and it is so ordered.

*Writ quashed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.